

Marissa S. Ronk
303.244.0123
ronk@wtotrial.com

February 16, 2021

**Via ECF**

Hon. Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: Pre-Motion Letter in *Asher Haft v. General Electric Company, et al.*,
     Case No. 1:21-cv-00506

Dear Judge Woods:

  We, along with our local counsel, Pryor Cashman LLP, represent Defendants General Electric Company and Haier US Appliance Solutions, Inc. d/b/a GE Appliances ("Defendants")[1] in connection with the above-referenced action. In accordance with your Honor's Individual Rule 2(C), we respectfully submit this pre-motion letter to set forth the grounds on which we intend to move to dismiss Plaintiff Asher Haft's entire Class Action Complaint. Counsel for the parties discussed the contents of this pre-motion letter on February 15 and 16, 2021 and Plaintiff would not consent.

  In March 2018, Mr. Haft bought a GE-brand oven from a third-party retailer in New Jersey. (Complaint ("Compl.") ¶ 42.) The oven came with a one-year limited warranty during which Defendants agreed to repair or replace any parts that failed because of defects in materials or workmanship. (*Id.* ¶ 28.) According to Mr. Haft, his oven worked as he expected for more than two-and-a-half years, at which point the glass on the oven's door allegedly cracked during use. (*Id.* ¶ 45.) Mr. Haft alleges that Defendants replaced the door and charged him $164.36 for the replacement. (*Id.* ¶¶ 50-51.) Mr. Haft now brings this case seeking relief for himself and on behalf of two purported classes for alleged breaches of implied and express warranties, common-law breach of warranty and contract, and violations of sections 349 and 350 of New York's General Business Law ("GBL"). Below, we address the Complaint's primary deficiencies.

  A. **Plaintiff's Breach of Implied Warranty Claim (Count I) Fails for Lack of Privity**

  Mr. Haft's breach of implied warranty claim fails because he does not allege he is in privity with Defendants. Because Mr. Haft alleges only economic injury, *see* Compl. ¶ 88, to

---

[1] Defendants further note that General Electric Company is not a proper party.

**Wheeler Trigg O'Donnell LLP**

February 16, 2021
Page 2

state a claim for breach of implied warranty he must allege privity with the defendant. *See, e.g.*, *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 556-57 (S.D.N.Y. 2016) (collecting cases requiring privity for claims of breach of implied warranties). Mr. Haft alleges that he bought his oven from a non-party retailer, Town Appliance. (Compl. ¶ 42.) Because Mr. Haft fails to allege privity with Defendants, his breach of implied warranty claim fails.[2]

B.  **Plaintiff's Breach of Express Warranty Claim (Count II) Fails Because the Alleged Problem Occurred Beyond the Warranty Period and He Fails to Allege Reliance**

Mr. Haft's breach of express warranty claim fails because (1) the alleged problem did not occur within the one-year term of the express warranty and (2) he fails to allege reliance. *First*, Mr. Haft avers the oven outlasted the warranty's one-year term. Mr. Haft bought the oven in March 2018 and alleges that he "regularly used" it without incident until October 2020. (*Id.* ¶¶ 42, 44-45.) As Mr. Haft notes, the warranty exists for "one year from the date of the original purchase." (*Id.* ¶ 120.) Thus, Defendants could not have breached the one-year warranty because Mr. Haft first reported a problem two-and-a-half years after purchase. *See, e.g.*, *McGill v. Gen. Motors Corp.*, 647 N.Y.S.2d 209, 210-11 (N.Y. App. Div. 1996) (dismissing claim because plaintiff did not allege breach "within the terms of the . . . written warranties").

*Second*, reliance is "an essential element of the formation of an express warranty." *Murrin v. Ford Motor Co.*, 756 N.Y.S.2d 596, 597 (N.Y. App. Div. 2003). When a plaintiff does not allege that she saw any statement before purchase, there is no reliance and the claim fails. *See, e.g.*, *id.*; *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 286 (E.D.N.Y. 2009). Mr. Haft never alleges that he saw any statements prior to purchase or that they influenced his decision. (*See, e.g.*, Compl. ¶¶ 16-20, 120.) Thus, his claim is deficient. *See, e.g.*, *Murrin*, 756 N.Y.S.2d at 597; *Cowan v. Costco Wholesale Corp.*, No. 15-CV-05552 (PKC), 2017 WL 59080, at *5 (E.D.N.Y. Jan. 5, 2017) (both dismissing express warranty claims for failure to plead reliance).

C.  **Plaintiff's Common Law Breach of Warranty or Contract Claim (Count III) Fails Because New York Does Not Recognize This Claim**

Mr. Haft next claims, in the alternative, that Defendants somehow breached an unspecified contract or breached common law warranties. But Mr. Haft fails to plead the elements of a breach of contract claim, *see, e.g.*, *Swan Media Grp., Inc. v. Staub*, 841 F. Supp. 2d 804, 808 (S.D.N.Y. 2012), and New York does not recognize a claim for common law breach of warranty in the sale of goods, *see* N.Y. U.C.C. Law § 1-103(b).

---

[2] While Mr. Haft disclaims that privity is required, because he and the putative class members are intended third-party beneficiaries, Compl. ¶¶ 104-05, no facts support such an exception.

**WheelerTriggO'Donnell LLP**

February 16, 2021
Page 3

### D. Plaintiff's GBL Claims (Counts IV and V) Fail Because Plaintiff Did Not Purchase His Oven in New York and Because Plaintiff Fails to Allege Causation or Reliance

Mr. Haft's claims under GBL sections 349 and 350 fail because (1) those statutes only proscribe conduct occurring "in this state" and (2) Mr. Haft does not allege causation or reliance. *First*, under each section, "deceptive acts or practices" and "false advertising" are unlawful when they occur "in this state." GBL §§ 349, 350. A complaint is deficient when a plaintiff fails to allege that the transaction occurred in New York. *See, e.g.*, *Goshen v. Mut. Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195 (N.Y. 2002); *Cline v. TouchTunes Music Corp.*, 211 F. Supp. 3d 628, 634 (S.D.N.Y. 2016). Mr. Haft alleges that he bought his oven in New Jersey. (Compl. ¶ 42.) He alleges no facts to connect New York to the allegedly deceptive act or false advertising.

*Second*, to state a claim under sections 349 or 350, a plaintiff must plead causation or reliance, respectively. *See, e.g.*, *Gale v. Int'l Bus. Machines Corp.*, 781 N.Y.S.2d 45, 47 (N.Y. App. Div. 2004) (dismissing § 349 claim for lack of causation because plaintiff did not allege that he was subjected to proscribed practices before purchase); *McGill*, 647 N.Y.S.2d at 210 (dismissing § 350 claim for lack of reliance on same basis). Mr. Haft does not allege he was subjected to a deceptive act or false advertising prior to purchase. Thus, his GBL claims fail.

### E. Claims for Injunctive Relief

Finally, if Mr. Haft intends to bring separate claims for injunctive relief (*see* Compl. ¶¶ 161, 178, Prayer for Relief), Mr. Haft's claims are deficient because he fails to allege facts showing likely future injury. *See, e.g.*, *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 564-65 (S.D.N.Y. 2016) (dismissing injunctive claim because plaintiff did not allege a future injury).

\*     \*     \*

We thank the Court for the opportunity to describe our intended motion to dismiss. Defendants respectfully request a pre-motion conference, and we will be prepared to file such a motion promptly from any pre-motion conference the Court may schedule.

Respectfully submitted,

Marissa S. Ronk[3]

cc: All Counsel of Record (via ECF)

---

[3] Ms. Ronk's *pro hac vice* motion is forthcoming.