

Helping People, Changing Lives

**VIA ECF**
Honorable Gregory H. Woods
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

Re:  Response to Pre-Motion Letter in *Haft v. General Electric Company, et al*. No. 1:21-cv-00506

Dear Judge Woods:

      This is a class action brought by Plaintiff against Defendants General Electric Company and Haier US Appliance Solutions, Inc. d/b/a GE Appliances (collectively, "Defendants" or "GE"), on behalf of all consumers who purchased GE ovens featuring glass-front doors made with soda lime glass (the "Ovens"). As alleged in the Complaint, following substantial investigation, including expert analysis, it was confirmed that GE's ovens are made with soda lime glass, which is uniquely prone to cracking, breaking, shattering, or exploding when exposed to rapid changes in temperature (i.e., thermal shock), and is unsuitable for use in the Ovens. (Dkt. No. 1, ¶¶ 34-41). Notably, Defendants do not deny the use of soda lime glass in the Ovens and, instead, raise legal arguments that are premature at this stage of the litigation to dispose of this putative class action.

      As the manufacturer of the Ovens, and of numerous other household cooking appliances for more than 100 years, GE knew or should have known that soda lime glass is particularly susceptible to thermal shock failure and, therefore, inappropriate for use in glass oven doors. (Dkt. No. 1, ¶ 40). Nevertheless, GE chose to use soda lime glass in the Ovens knowing that: (1) it would not properly protect against thermal shock failure, but would actually increase the risk of such failure over time with normal use, well before the Ovens' average service life of thirteen years; (2) it would not prevent shattering or breakage of the doors; and (3) it would suffer from inconsistent surface compression stress and internal tension that can cause the glass to break or shatter, causing premature failure of the Ovens and potential injuries to consumers.  *Id.* at ¶¶ 31, 41.

      As discussed below, Defendants suggest that New York law does not apply to Plaintiff's claims because he purchased his Oven in New Jersey, even though he resides in New York, where the Oven was delivered, installed, used, and where the glass shattered and was serviced.  While Plaintiff disagrees with Defendants' position, Plaintiff may be willing to amend his Complaint to *add* an alternative New Jersey subclass and related warranty and consumer protection claims, and subsequently address choice of law issues at the class certification stage. *See Szymczak v. Nissan N. Am., Inc.*, No. 10-CV-7493 (VB), 2011 U.S. Dist. LEXIS 153011, at *35 (S.D.N.Y. Dec. 16, 2011) (finding choice of law issues are resolved at the class certification stage).

### A.  Plaintiff Adequately Pled His Breach of Implied Warranty Claim.

      Defendants argue that Plaintiff's implied warranty claim fails because he does not allege privity with Defendants. The Complaint clearly alleges that privity is established because GE's retailers were not intended to be the ultimate consumers of the Ovens and have no rights under the

warranty agreements. (Dkt. No. 1, ¶¶ 104-105). GE's intention that its warranties apply to Plaintiff and Class Members as third-party beneficiaries is evident from the statements contained in their product literature, including the warranty, which *specifically states that it applies to the first consumer purchaser of the Ovens,* and directs consumers to register their products with GE. *Id. See Bayerische Landesbank v. Aladdin Capital Management LLC*, 692 F.3d 42, 52 (2d Cir. 2012) (citations omitted). Defendants have made no argument to the contrary.

### B. Plaintiff Adequately Pled His Breach of Express Warranty Claim.

As alleged in the Complaint, "GE breached its express written warranties to Plaintiff and Class Members because the Ovens are defective at the time they leave the manufacturing plant, and on the first day of purchase, creating a serious safety risk to Plaintiff and Class Members, and by failing to disclose and actively concealing this risk from consumers." (Dkt. No. 1, ¶ 125). Plaintiff further alleges that the warranty "fails in its essential purpose given it is insufficient to make Plaintiff and Class Members whole because the warranty…gives GE the option to replace the Ovens and/or glass with identical, equally defective Ovens and/or glass." *Id.* at ¶ 135. *See Kraft v. Staten Island Boat Sales, Inc.*, 715 F. Supp. 2d 464, 475 (S.D.N.Y. 2010) (under New York law, a warranty may fail of its essential purpose if warrantor is unable to repair the defect, or enforcement of the warranty would leave plaintiff without a remedy, thus depriving the consumer of the benefit of the bargain). "…[W]hether the limited warranty failed in its essential purpose is a question of fact for the jury to determine based on circumstances transpiring after the contract was formed." *Id.* (citation omitted). Thus, Plaintiff is entitled to discovery confirming the Oven warranty fails of its essential purpose, including that, in response to warranty claims, GE replaces the defective soda lime glass with similarly defective soda lime glass.

Plaintiff further alleges that the one-year limited warranty is unconscionable as a result of GE's concealment of material facts, including that they manufactured and designed the Ovens with inferior glass unsuitable for safe and proper use in the Ovens—a fact which could not have been discovered by consumers at the time of purchase. *Id.* at ¶¶ 127-128. New York's Uniform Commercial Code provides that courts may refuse to enforce a contract or any clause of the contract that it finds to "have been unconscionable at the time it was made[.]" U.C.C. § 2-302(1).

In addition, Plaintiff alleges that GE warranted, via user manuals, marketing, advertisements, pamphlets, brochures, circulars, samples, and/or models that the Ovens are fit for the ordinary purpose for which such goods are used, including safely cooking food. (Dkt. No. 1, ¶¶ 2, 17, 20, 27). Plaintiff expressly alleges that he purchased his Oven based on the GE name and reputation. *Id.* at ¶ 43. These claims are not subject to the one-year express warranty. *See Mazzuocola v. Thunderbird Prods. Corp.*, 1995 U.S. Dist. LEXIS 6883, at *22-23 (E.D.N.Y. May 16, 1995) ("advertising about a product's quality may, in appropriate circumstances, create an express warranty…") (collecting cases); N.Y.U.C.C. § 2-313(1)(a) (An express warranty is "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain."). Further, for an express warranty claim, the requirement of reliance is subsumed into the question of whether the warranty was part of the basis of the bargain, and there is a *presumption* that a seller's affirmations go to the basis of the bargain. *See* N.Y.U.C.C. § 2-313 Cmt. 3; *Kraft*, 715 F. Supp. 2d at 473 (internal quotation marks omitted).

### C. Plaintiff Adequately Pled His Breach of Contract Claim.

As alleged in the Complaint, "[t]o the extent GE's commitment is deemed not to be a warranty under the Uniform Commercial Code, New York's Uniform Commercial Code, or

common law, Plaintiff pleads in the alternative under common law warranty and contract law." (Dkt. No. 1, ¶ 144). *See Price v. L'Oreal USA, Inc.*, No. 17-cv-0614(LGS), 2017 U.S. Dist. LEXIS 165931, at *12 (S.D.N.Y. Oct. 5, 2017) (allowing breach of contract claim pled in the alternative to breach of express warranty claim to proceed in class action involving hair care products). GE argues that Plaintiff has not adequately pled the elements of a breach of contract claim, but fails to cite any support for this argument. The elements of a breach of contract claim include: "(1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; (3) defendant's failure to perform; and (4) resulting damage." *Clearmont Prop., LLC v. Eisner*, 872 N.Y.S.2d 725, 728 (N.Y. App. Div. 2009). *See also Promuto v. Waste Management, Inc.*, 44 F. Supp. 2d 628, 642 (S.D.N.Y.1999) ("Under New York common law, upon showing that: (1) plaintiff and defendant entered into a contract; (2) containing an express warranty by the defendant with respect to a material fact; (3) which warranty was part of the basis of the bargain; and (4) the express warranty was breached by defendant, plaintiff is entitled to be indemnified for any damages incurred as a result of such breach."). Plaintiff specifically alleges these elements and has thus adequately pled a breach of contract claim. *See.* Dkt. No. 1, at 144-150. Plaintiff agrees to dismiss the alternative claim for Breach of Common Law Warranty.

### D.  Plaintiff Adequately Pled His Claims for Violations of GBL §§ 349 and 350.

Defendants' argument that Plaintiff cannot bring claims under GBL §§ 349 and 350 because he purchased the Oven in New Jersey is in conflict with well-established law, which confirms that courts apply the consumer protection laws of the buyer's domicile—here, New York. *See Szymczak*, 2011 U.S. Dist. LEXIS 153011, at *35 ("In a multi-state consumer class action, based on choice of law considerations, courts have applied the law of the buyer's domicile."). It is unclear whether Defendants are arguing that New Jersey law applies instead. However, as discussed above, Plaintiff may be willing to amend the Complaint to add an alternative New Jersey subclass and related claims. Further, "[n]either section 349 nor section 350 contains a reliance requirement, and a proper claim under section 349 or 350 does not require proof that a consumer actually relied on the misrepresentation." *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 257 (E.D.N.Y. 2019) (collecting cases). *See also Szymczak*, 2011 U.S. Dist. LEXIS 153011, at *46 (denying motion to dismiss GBL claim where the plaintiffs alleged manufacturer failed to disclose the defect and the failure to disclose was likely to mislead a reasonable consumer).

### E.  Plaintiff has Adequately Pled a Claim for Injunctive Relief.

As alleged, Plaintiff has standing to pursue injunctive relief because "GE will continue to commit the unlawful practices [of failing to remedy the Defect], and Class Members will remain at an unreasonable and serious safety risk as a result of the defective glass at issue. [Further] Plaintiff has standing to make this claim because he would consider purchasing another Oven provided that it was manufactured in such a way as to not suffer from the Defect, or if GE extended the warranty on the Ovens." [Dkt. No. 1, at ¶94].  *See Chu v. Samsung Elecs. Am, Inc.* No. 1:18-cv-11742 (GHW) 2020 U.S. Dist. LEXIS 50298, at *11-12 (S.D.N.Y. Mar. 23, 2020) (J. Woods).

/s/ *Rachel Soffin*
Rachel Soffin

3