UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ASHER HAFT and ROBERT FISHER, individually
and on behalf of all others similarly situated,

       Plaintiffs,

v.

GENERAL ELECTRIC COMPANY and
HAIER US APPLIANCE SOLUTIONS, INC. d/b/a
GE APPLIANCES,

       Defendants.

---

Civil Action No. 1:21-cv-00506-GHW

**DEFENDANTS' MEMORANDUM
OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS
PLAINTIFFS' AMENDED CLASS
ACTION COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

STATEMENT OF ALLEGED FACTS ..................................................................................... 2

LEGAL STANDARD .............................................................................................................. 3

ARGUMENT .......................................................................................................................... 4

I.      PLAINTIFFS' BREACH OF IMPLIED WARRANTY CLAIM FAILS ......................... 4

      A.     Plaintiffs' Breach of Implied Warranty Claim Is Untimely Because the Alleged Defect Occurred Outside the One-Year Warranty Period ........................ 4

      B.     The Limited Warranty Is Not Unconscionable ...................................................... 6

II.     PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIM FAILS ........................ 7

      A.     Plaintiffs Do Not Allege a Defect Occurred During the Warranty Period ............. 8

      B.     Plaintiffs Allege Only a Design Defect, Which the Limited Warranty Does Not Cover ............................................................................................................... 9

      C.     Neither Plaintiff Alleges He Relied on a Promise in Purchasing His Oven ......... 10

III.    PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS BECAUSE PLAINTIFFS DO NOT IDENTIFY A CONTRACT OR BREACH ............................. 12

IV.    PLAINTIFFS' CONSUMER FRAUD CLAIMS FAIL ................................................. 12

      A.     Plaintiffs Fail to Allege Causation or Reliance .................................................... 13

      B.     Mr. Haft's GBL Claims Fail Because He Does Not Identify a Sufficient Connection between the Allegedly Wrongful Conduct and New York ............... 14

      C.     Mr. Haft Fails to State a Claim Under the NJCFA ............................................. 15

           1.     Mr. Haft has not alleged unlawful conduct ............................................... 16

           2.     Mr. Haft cannot show ascertainable loss under New Jersey law. ............. 17

V.      PLAINTIFFS DO NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF .......... 18

CONCLUSION ...................................................................................................................... 19

## TABLE OF AUTHORITIES

**CASES**

*Abraham v. Volkswagen of Am., Inc.*,
   795 F.2d 238 (2d Cir. 1986) ................................................................. 8

*Alban v BMW of N. Am., LLC*,
   No. 09–5398 (DRD), 2011 WL 900114
   (D.N.J. Mar. 15, 2011) ............................................................... 6, 7

*Amvest Corp. v. Anderson Equip. Co.*,
   358 F. App'x 344 (3d Cir. 2009) ....................................................... 7

*Argabright v. Rheem Mfg. Co.*,
   258 F. Supp. 3d 470 (D.N.J. 2017) ............................................. 7, 13, 14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................... 3, 4

*Axon v. Citrus World, Inc.*,
   354 F. Supp. 3d 170 (E.D.N.Y. 2018) ............................................. 10

*Axon v. Florida's Nat. Growers, Inc.*,
   813 F. App'x 701 (2d Cir. 2020) .................................................... 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................... 3, 4

*Berni v. Barilla S.p.A.*,
   964 F.3d 141 (2d Cir. 2020) ........................................................... 19

*Bevelacqua v. Brooklyn L. Sch.*,
   975 N.Y.S.2d 365, 2013 WL 1761504
   (N.Y. Sup. Ct. 2013) ...................................................................... 13

*Bosland v. Warnock Dodge, Inc.*,
   964 A.2d 741 (N.J. 2009) .......................................................... 13, 15

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ............................................................ 2

*Chattin v. Cape May Greene, Inc.*,
   581 A.2d 91 (N.J. Super Ct. App. Div. 1990) ................................. 17

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ........................................................................ 18

*Cox v. Sears Roebuck & Co.*,
    647 A.2d 454 (N.J. 1994) ......................................................................... 16

*Croote-Fluno v. Fluno*,
    289 A.D.2d 669 (N.Y. 2001) ....................................................................... 6

*Cruz v. FXDirectDealer, LLC*,
    720 F.3d 115 (2d Cir. 2013) ...................................................................... 14

*Deshawn E. by Charlotte E. v. Safir*,
    156 F.3d 340 (2d Cir. 1998) ...................................................................... 18

*DiBartolo v. Abbott Labs.*,
    914 F. Supp. 2d 601 (S.D.N.Y. 2012) ......................................................... 10

*Duffy v. Samsung Elecs. Am., Inc.*,
    No. CIV.06–5259 (DRD), 2007 WL 703197
    (D.N.J. Mar. 2, 2007) .............................................................................. 18

*Eberhart v. LG Electronics USA, Inc.*,
    No. CV 15-1761, 2015 WL 9581752
    (D.N.J. Dec. 30, 2015) ............................................................................ 11

*EnviroFinance Grp., LLC v. Env't Barrier Co., LLC*,
    113 A.3d 775 (N.J. App. 2015) ................................................................. 12

*Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*,
    936 F. Supp. 2d 441 (D.N.J. 2013) ............................................................ 11

*Frederico v. Home Depot*,
    507 F.3d 188 (3d Cir. 2007) ................................................................ 15, 16

*Fuji Photo Film U.S.A., Inc. v. McNulty*,
    669 F. Supp. 2d 405 (S.D.N.Y. 2009) ......................................................... 12

*Garcia v. Chrysler Grp. LLC*,
    127 F. Supp. 3d 212 (S.D.N.Y. 2015) ........................................................ 9, 10

*Gengo v. Jets Stadium Dev., LLC*,
    No. 18-8012 (SRC), 2018 WL 4144686
    (D.N.J. Aug. 30, 2018) ............................................................................ 16

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*,
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) ............................................................ 13

*Goleman v. York Int'l Corp.*,
    No. CIV.A. 11-1328, 2011 WL 3330423
    (E.D. Pa. Aug. 3, 2011) ........................................................................... 14

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
  774 N.E.2d 1190 (N.Y. 2002) .................................................................................. 14

*Hesse v. Godiva Chocolatier, Inc.*,
  463 F. Supp. 3d 453 (S.D.N.Y. 2020) .................................................................... 19

*Hofman v. Time Warner Cable Inc.*,
  No. 12–00978 (ES), 2013 WL 2460121
  (D.N.J. June 6, 2013) ............................................................................................... 17

*In re Caterpillar, Inc., C13 & C15 Engine Prods. Liab. Litig.*,
  No. 1:14–cv–3722 (JBS–JS), 2015 WL 4591236
  (D.N.J. July 29, 2015) ............................................................................................... 6

*In re Subaru Battery Drain Prod. Liab. Litig.*,
  No. 1:20-CV-03095-JHR-JS, 2021 WL 1207791
  (D.N.J. Mar. 31, 2021) ............................................................................................. 15

*Jeter v. Brown & Williamson Tobacco Corp.*,
  113 F. App'x 465 (3d Cir. 2004) ............................................................................. 10

*Koch v. Acker, Merrall & Condit Co.*,
  18 N.Y.3d 940 (N.Y. 2012) ...................................................................................... 13

*Kuzian v. Electrolux Home Prod., Inc.*,
  937 F. Supp. 2d 599 (D.N.J. 2013) ........................................................................... 8

*Lake v. Ford Motor Co.*,
  No. CV182009SJFAYS, 2019 WL 5873887
  (E.D.N.Y. Aug. 22, 2019) .......................................................................................... 2

*Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*,
  508 F. App'x 180 (3d Cir. 2012) ............................................................................... 9

*McLaughlin v. Bayer Corp.*,
  172 F. Supp. 3d 804 (E.D. Pa. 2016) ...................................................................... 11

*McVetty v. TomTom N. Am., Inc.*,
  No. 19 CV 4908 (NSR), 2021 WL 965239
  (S.D.N.Y. Mar. 13, 2021) ........................................................................................ 15

*Mendez v. Shah*,
  94 F. Supp. 3d 633 (D.N.J. 2015) ........................................................................... 10

*Meserole v. Sony Corp. of Am.*,
  No. 08 CV. 8987 (RPP), 2009 WL 1403933
  (S.D.N.Y. May 19, 2009).............................................................................................. 5

*Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*,
   137 A.3d 1247 (Pa. 2016) ............................................................................................. 12

*Mladenov v. Wegmans Food Mkts., Inc.*,
   124 F. Supp. 3d 360 (D.N.J. 2015) ................................................................................ 16

*Montich v. Miele USA, Inc.*,
   849 F. Supp. 2d 439 (D.N.J. 2012) ................................................................................ 13

*Murrin v. Ford Motor Co.*,
   756 N.Y.S.2d 596 (N.Y. App. Div. 2003) ...................................................................... 11

*Nat'l Mkt. Share, Inc. v. Sterling Nat. Bank*,
   392 F.3d 520 (2d Cir. 2004) .......................................................................................... 12

*Nelson v. Nissan N. Am., Inc.*,
   No. CIV. 11-5712 JEI/AMD, 2014 WL 7331922
   (D.N.J. Dec. 19, 2014) .................................................................................................... 9

*Nicosia v. Amazon.com, Inc.*,
   834 F.3d 220 (2d Cir. 2016) .......................................................................................... 18

*Noble v. Porsche Cars N. Am., Inc.*,
   694 F. Supp. 2d 333 (D.N.J. 2010) ................................................................................ 18

*Oliver v. Funai Corp.*,
   No. 14-cv-04532, 2015 WL 9304541
   (D.N.J. Dec. 21, 2015) ................................................................................................... 17

*Osness v. Lasko Prod., Inc.*,
   868 F. Supp. 2d 402 (E.D. Pa. 2012) ............................................................................... 8

*Perkins v. DaimlerChrysler Corp.*,
   890 A.2d 997 (N.J. Super. Ct. App. Div. 2006) ............................................................ 18

*Rait v. Sears, Roebuck & Co.*,
   No. 08–2641 (JLL), 2009 WL 3667067
   (D.N.J. Nov. 4, 2009) ..................................................................................................... 17

*Ray v. Samsung Elecs. Am., Inc.*,
   No. 15CV8540 (DLC), 2016 WL 3406127
   (S.D.N.Y. June 17, 2016) ................................................................................................. 7

*S&G Patroleum Co. v. Brice Cap. Corp.*,
   No. CIV. A. 92-5078, 1993 WL 20215
   (E.D. Pa. Jan. 26, 1993) ................................................................................................. 12

*Skypala v. Mortg. Elec. Registration Sys., Inc.*,
   655 F. Supp. 2d 451 (D.N.J. 2009) ....................................................................... 12

*Stevenson v. Mazda Motor of Am., Inc.*,
   No. 14–5250 (FLW)(DEA), 2015 WL 3487756
   (D.N.J. June 2, 2015) ............................................................................................. 5

*Stutman v. Chemical Bank*,
   95 N.Y.2d 24 (N.Y. 2000) ....................................................................................... 13

*Union Ink Co. v. AT&T Corp.*,
   801 A.2d 361 (N.J. Super. Ct. App. Div. 2002) ..................................................... 17

*Webb v. Volvo Cars of N.A., LLC*,
   No. CV 13-2394, 2018 WL 1470470
   (E.D. Pa. Mar. 26, 2018) ......................................................................................... 5

*Yocca v. Pitts. Steelers Sports, Inc.*,
   854 A.2d 425 (Pa. 2004) ......................................................................................... 13

**STATUTES**

13 Pa. C.S.A. § 1201 ........................................................................................................ 4

13 Pa. C.S.A. § 1-201 ....................................................................................................... 5

13 Pa. C.S.A. § 2302 ........................................................................................................ 6

13 Pa. C.S.A. § 2313 ........................................................................................................ 11

13 Pa. C.S.A. § 2316 ........................................................................................................ 4

N.J. Stat. § 12A:1-201 .................................................................................................. 4, 5

N.J. Stat. § 12A:2-302 ...................................................................................................... 6

N.J. Stat. § 12A:2-313 ...................................................................................................... 11

N.J. Stat. § 12A:2-316 ...................................................................................................... 4

N.J. Stat. § 56:8-2 ............................................................................................................ 15

N.J. Stat. Ann. § 56:8-2 ................................................................................................... 16

N.Y. U.C.C. § 1-201 ..................................................................................................... 4, 5

N.Y. U.C.C. § 2-302 ......................................................................................................... 6

N.Y. U.C.C. § 2-313 ......................................................................................................... 11

N.Y. U.C.C. § 2-316 ................................................................................................ 4

**RULES**

Fed. R. Civ. P. 12 ................................................................................................... 2

Fed. R. Civ. P. 8 ................................................................................................. 2, 3

Fed. R. Civ. P. 9 ......................................................................................... 2, 15, 16

**OTHER AUTHORITIES**

NY GBL § 349 ............................................................................................ 13, 14, 15

NY GBL § 350 ............................................................................................ 13, 14, 15

Restatement (Third) of Torts § 2 cmt. d .............................................................. 9

## INTRODUCTION

In 2018, Plaintiffs Asher Haft and Robert Fisher allege they bought GE ovens based on "name, reputation, positive online reviews, and price." (Am. Class Action Compl. ("Compl."), ¶¶ 44, 48, 58.) Both ovens featured a front door composed partly of glass, and both came with one-year limited warranties. Plaintiffs used their ovens for more than *two* years, at which point they allege the glass in the oven doors cracked. Plaintiffs sought repairs, which they had to pay for because the ovens were no longer under warranty. Now, Plaintiffs bring this putative class action against Defendants General Electric Company and Haier US Appliance Solutions, Inc.[1] ("Defendants") claiming breach of warranty, breach of contract, and consumer fraud.

All of Plaintiffs' claims are deficient and should be dismissed. *First*, Plaintiffs' breach of implied warranty claim fails because the parties agreed to limit the time in which Plaintiffs could bring such a claim to one year from purchase. *Second*, Plaintiffs' breach of express warranty claim fails because (1) New York, New Jersey, and Pennsylvania law do not recognize a claim for breach of express warranty for defects discovered after the expiration of a limited warranty's term; (2) the limited warranty that accompanied Plaintiffs' ovens disclaimed liability for design defects; and (3) neither Plaintiff alleges that he saw, much less relied on, any pre-sale promise in making his purchasing decision. *Third*, Plaintiffs' common-law breach of contract claim fails because Plaintiffs do not identify any contract Defendants allegedly breached. *Fourth*, all of Plaintiffs' consumer fraud claims fail because Plaintiffs do not plead the requisite elements of causation or reliance. Mr. Haft's claims under New York's General Business Law ("GBL") fail for the additional reason that Mr. Haft does not assert a sufficient nexus between the State of

---

[1] Defendant General Electric Company ("GEC") did not design, manufacture, assemble, market, or sell Plaintiffs' ovens. Defendant Haier US Appliance Solutions, Inc. bought GEC's appliance business and the right to do business under the "GE Appliances" name in 2016. Nonetheless, Plaintiffs refused to dismiss GEC from the suit.

New York and the allegedly deceptive acts. Mr. Haft's claims under the New Jersey Consumer Fraud Act likewise fail for the additional reason that he does not meet the pleading requirements of Rule 9(b). *Finally*, Plaintiffs lack standing to seek injunctive relief because they do not allege facts showing likely future harm. As a result, the Court should dismiss Plaintiffs' Complaint under Rules 8(a), 9(b), 12(b)(1), and 12(b)(6).

## STATEMENT OF ALLEGED FACTS

In January and March 2018, respectively, Plaintiffs Robert Fisher and Asher Haft allege they bought GE Appliances ovens from third-party retailers. (Compl. ¶¶ 47, 57.) Mr. Fisher bought his oven from ABC Sales and Service in Wilmington, Delaware, and Mr. Haft bought his from Town Appliance in Lakewood, New Jersey. (*Id.*) Each Plaintiff alleges that he bought the oven "based on the GE name, reputation, positive online reviews, and price." (*Id.* ¶¶ 48, 58.) Each oven came with a "Limited Warranty" that stated:

> For the period of one year from the date of the original purchase. GE will provide any part of the range which fails due to a defect in materials or workmanship. During this limited one-year warranty, GE will also provide, free of charge, all labor and in-home service to replace the defective part.

(*Id.* ¶ 31; *see also* Ex. B at 4.)[2] The Limited Warranty also limited the implied warranty of merchantability to one year, and excluded all remedies other than product repair:

> **EXCLUSION OF IMPLIED WARRANTIES**
> Your sole and exclusive remedy is product repair as provided in this Limited Warranty. Any implied warranties, including the implied warranties of merchantability or fitness for a particular purpose, are limited to one year or the shortest period allowed by law.

(Ex. B at 4.)

---

[2] This Court may consider the written warranties on this motion because the warranties are central to Plaintiffs' claims and Plaintiffs refer to them throughout the Complaint. *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ("For purposes of [Rule 12(b)(6)], the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (internal quotation marks omitted)); *see also Lake v. Ford Motor Co.*, No. CV182009SJFAYS, 2019 WL 5873887, at *3 (E.D.N.Y. Aug. 22, 2019) ("[I]in the context of motion to dismiss a warranty claim, courts may consider the contents of a warranty, whether or not the plaintiff attaches the warranty as an exhibit to its complaint.").

Plaintiffs concede that their ovens worked as expected for more than two-and-a-half years, at which point they allege that the glass in the oven doors cracked because "the soda lime glass used in the Ovens suffers from a uniform defect whereby it cannot withstand the high temperatures that are common when the Ovens are used for their ordinary purpose." (Compl. ¶¶ 29, 49-50, 59-60.) Mr. Haft alleges he later contacted GE Appliances, which conducted a service call, replaced the oven's door, and charged Mr. Haft $164.36. (*Id.* ¶¶ 52-53.) Mr. Fisher alleges he contacted ABC Sales and Service, who replaced his oven door for $324.00. (*Id.* ¶ 62.) Despite the Limited Warranty informing Plaintiffs of the availability of extended warranty plans, (Ex. B at 4), neither Plaintiff bought such a warranty, (*see generally* Compl. ¶¶ 47-65).

As a result of the alleged defect, Plaintiffs sued on behalf of themselves and four putative classes of current or former owners of any "GE oven featuring a glass-front door made with soda lime glass." (*Id.* ¶ 101.) Plaintiffs do not seek recovery for "personal injuries, wrongful death, or emotional distress." (*Id.* ¶ 103.) Instead, Plaintiffs' seven-count Complaint seeks to recover injunctive and monetary relief for breaches of warranties (Counts I and II), breach of contract (Count III), and violations of three state consumer-protection statutes (Counts IV through VII).[3]

## **LEGAL STANDARD**

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Likewise, "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient.  U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Though the Court must assume that well-pled allegations

---

[3] In their Amended Complaint, Plaintiffs labeled the cause of action appearing in Paragraphs 228 through 251 as "Count VI" despite the immediately preceding claim also bearing that number.

are true, conclusory allegations are "not entitled to th[at] assumption." *Id.* at 679. A court looks

to whether the complaint includes "enough factual matter (taken as true) to suggest" that the

plaintiff is entitled to relief. *Twombly*, 550 U.S. at 556. If the complaint does not nudge the

plaintiff's claims "across the line from conceivable to plausible," it "must be dismissed." *Id.* at

570.

## ARGUMENT

## I.   PLAINTIFFS' BREACH OF IMPLIED WARRANTY CLAIM FAILS

The Court should dismiss Plaintiffs' breach of implied warranty claim because the parties

agreed to limit the time for such a claim to accrue to "one year from the date of the original

purchase" (Ex. B at 4) and that one-year time limitation is not unconscionable as a matter of law.

### A.   Plaintiffs' Breach of Implied Warranty Claim Is Untimely Because the Alleged Defect Occurred Outside the One-Year Warranty Period

The Court should dismiss Plaintiffs' breach of implied warranty claim because the parties

validly limited the warranty period to one year, and the alleged breach occurred beyond the one-

year warranty period. Parties may exclude or modify the implied warranty of merchantability so

long as the exclusion or modification "mention[s] merchantability" and is "conspicuous." *See*

N.Y. U.C.C. § 2-316; N.J. Stat. § 12A:2-316; 13 Pa. C.S.A. § 2316. Conspicuousness is a

question of law, and "[c]onspicuous terms include . . . a heading in capitals equal to or greater in

size than the surrounding text, or in contrasting type, font, or color to the surrounding text." *See*

N.J. Stat. § 12A:1-201(b)(10); 13 Pa. C.S.A. § 1201(b)(10); *see also* N.Y. U.C.C. § 1-

201(b)(10).

Here, the Limited Warranty validly limited the warranty period to one year. The Limited

Warranty is separated from the surrounding text by a heading that states "**EXCLUSION OF**

**IMPLIED WARRANTIES**." (Ex. B at 4 (emphasis in original).) It states that "[a]ny implied

warranties, including the implied warrant[y] of merchantability . . . [are] limited to one year or the shortest period allowed by law." (*Id.*) This language mentions merchantability and is conspicuous, as it includes "a heading in capitals" and "in contrasting type." *See, e.g.*, N.Y. U.C.C. § 1-201(b)(10); N.J. Stat. § 12A:1-201(b)(10); 13 Pa. C.S.A. § 1-201(b)(10).

Thus, because the parties validly limited the warranty period to one year, "to state a claim for breach of the implied warranties, Plaintiffs must allege that the implied warranties were breached during the aforementioned [one]-year period." *Meserole v. Sony Corp. of Am.*, No. 08 CV. 8987 (RPP), 2009 WL 1403933, at *9 (S.D.N.Y. May 19, 2009) (dismissing implied warranty claims because plaintiffs alleged a defect arose after the expiration of warranty period); *see also Webb v. Volvo Cars of N.A., LLC*, No. CV 13-2394, 2018 WL 1470470, at *10 (E.D. Pa. Mar. 26, 2018) (same); *Stevenson v. Mazda Motor of Am., Inc.*, No. 14–5250 (FLW)(DEA), 2015 WL 3487756, at *12 (D.N.J. June 2, 2015) (collecting cases dismissing implied warranty claims because warranty period expired before discovery of alleged defect). As in *Meserole*, "[t]he Complaint here does not set forth any claims that the [ovens] did not fulfill their intended and ordinary use during the applicable [one]-year period." 2009 WL 1403933, at *9. Indeed, Plaintiffs concede that they each "regularly used the Oven[s] as intended" for more than two years before the alleged defect occurred. (Compl. ¶¶ 47-50, 57-60.) Because the parties limited the warranty period to one year, and Plaintiffs do not allege breach during the warranty period, the Court should dismiss Plaintiffs' claim for breach of implied warranty.

**B.      The Limited Warranty Is Not Unconscionable**

Plaintiffs seek to escape the dismissal of their implied warranty claims by alleging the warranty and its limitations are "unconscionable" for both procedural and substantive reasons, neither of which is legally correct. (*See id.* ¶¶ 92, 134-137.)

Plaintiffs assert that the Limited Warranty is procedurally unconscionable because they allege there was bargaining power disparity, Defendants "had superior and exclusive knowledge" of the alleged defect, and Plaintiffs "had no meaningful choice in determining the time limitation." (*Id.* ¶ 136.) Unconscionability is a question of law for the court,[4] and conclusory allegations like Plaintiffs' fail to support a finding of unconscionability. For example, in *Alban v BMW of N. Am., LLC*, the court held that a plaintiff's "bare-bones" allegations of "gross disparity in bargaining power" in purchasing his BMW vehicle, and that he "had no meaningful choice" in accepting warranty limitations, were "not entitled to the assumption of truth" and dismissed, with prejudice, a claim for breach of implied warranty. No. 09–5398 (DRD), 2011 WL 900114, at *9 (D.N.J. Mar. 15, 2011); *see also In re Caterpillar, Inc., C13 & C15 Engine Prods. Liab. Litig.*, No. 1:14–cv–3722 (JBS–JS), 2015 WL 4591236, at *22 (D.N.J. July 29, 2015) (limited warranty not unconscionable because "there is nothing in the Complaint to suggest that Plaintiffs were unable to buy comparable" products from another seller).[5] The Court should similarly conclude the Limited Warranty is not procedurally unconscionable.

Plaintiffs' allegations of substantive unconscionability fare no better. "To be [substantively] unconscionable, an agreement must shock the conscience." *Croote-Fluno v.*

---

[4] N.Y. U.C.C. § 2-302(1); N.J. Stat. § 12A:2-302(1); 13 Pa. C.S.A. § 2302(a) (all authorizing courts "as a matter of law" to evaluate unconscionability).

[5] Moreover, Plaintiffs' own Complaint casts doubt on their allegation that Defendants had "exclusive knowledge" of the alleged defect. (Compl. ¶ 136.) Plaintiffs assert that they each relied on "online reviews" in determining whether to purchase the ovens. (*Id.* ¶¶ 48, 58.) But the only online reviews referenced in Plaintiffs' Complaint mention the alleged glass issue, and both reviews pre-date Plaintiffs' purchases. (*Id.* ¶ 71.)

*Fluno*, 289 A.D.2d 669, 670 (N.Y. 2001) (internal quotation marks omitted). While Plaintiffs

assert that "[t]he terms of the warranty unreasonably favor [Defendants] over Plaintiffs" and the

"durational limit on the warranty is grossly inadequate" because Defendants knew the alleged

defect "may not manifest until after expiration of the one-year warranty" (Compl. ¶ 92(c), (h)),

these conclusory allegations fail to plausibly "shock the conscience." *See Argabright v. Rheem*

*Mfg. Co.*, 258 F. Supp. 3d 470, 481-84 (D.N.J. 2017) (warranty term limitation not

unconscionable because it was not "conscience shocking" under New York and New Jersey

law); *see also Alban*, 2011 WL 900114, at *9 (allegations that a product "would fail after the

expiration of the warranty agreement" insufficient to show unconscionability). In fact, the

legislatures of New York, New Jersey, and Pennsylvania all allow a manufacturer to disclaim or

modify a warranty in the manner Defendants did so here, and one-year limitations are common

in consumer products. *See, e.g.*, *Amvest Corp. v. Anderson Equip. Co.*, 358 F. App'x 344, 349

(3d Cir. 2009) ("As the Pennsylvania legislature has expressly authorized a one-year period of

limitation, it is not unconscionable."); *Ray v. Samsung Elecs. Am., Inc.*, No. 15CV8540 (DLC),

2016 WL 3406127, at *5 (S.D.N.Y. June 17, 2016) ("A finding of unconscionability here would

render any such disclaimer, permissible under [the laws of] states that have adopted the Uniform

Commercial Code, void."). The one-year warranty limitation is not unconscionable as a matter of

law, and the Court should dismiss Plaintiffs' implied warranty claim.

## II.   PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIM FAILS

Plaintiffs fail to state a claim for breach of express warranty for three independent

reasons: (1) the alleged problem did not occur within the Limited Warranty period, (2) Plaintiffs

allege only a design defect, which the Limited Warranty does not cover, and (3) neither Plaintiff

alleges that he relied on any promise in connection with his purchase.

### A.    Plaintiffs Do Not Allege a Defect Occurred During the Warranty Period

Plaintiffs' express warranty claim fails because they do not allege Defendants breached the terms of the Limited Warranty, which states that "for a period of one year from the date of the original purchase, [Defendants] would provide, free of charge, all labor and related service costs to replace any defective parts of the Ovens that fail due to defects in materials or workmanship."[6] (Compl. ¶ 31; *see also* Ex. B at 4.) Thus, to allege breach, Plaintiffs must have requested part replacement within one year from purchase. Each Plaintiff alleges, however, that he used his oven for more than two years before their ovens' front doors cracked. (*Id.* ¶¶ 49-50, 59-60.) As a result, Plaintiffs fail to state a claim for breach of express warranty.[7] *See Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986) (applying New York law and affirming dismissal of express warranty claim; warranty at issue "does not cover repairs made after the applicable time or mileage periods have elapsed"); *Kuzian v. Electrolux Home Prod., Inc.*, 937 F. Supp. 2d 599, 611 (D.N.J. 2013) (dismissing express warranty claim because "latent defects discovered after the term of an express warranty cannot serve a basis for a claim for [its] breach"); *Osness v. Lasko Prod., Inc.*, 868 F. Supp. 2d 402, 410 (E.D. Pa. 2012) (dismissing claim for breach of express warranty because plaintiff failed to allege she "discovered a defect . . . within the two-year warranty period").

---

[6] Despite quoting this language—including the one-year limitation—Plaintiffs assert that Defendants were "obligated[] under the terms of this express warranty to replace the defective Ovens and/or defective glass for Plaintiffs and Class Members." (Compl. ¶¶ 146-47.) Plaintiffs assert no justification for their apparent claim that Defendants had a duty to replace a defective part after the expiration of the one-year term.

[7] Plaintiffs' unconscionability allegations related to their express warranty claim mirror those asserted in their implied warranty claim. (*Compare* Compl. ¶¶ 134-37, *with id.* ¶¶ 160-62.) As a result, Plaintiffs fail to allege unconscionability for the same reasons set forth in Section I.B.

### B.    Plaintiffs Allege Only a Design Defect, Which the Limited Warranty Does Not Cover

Plaintiffs' express warranty claim should be dismissed for the independent reason that the Limited Warranty does not cover Plaintiffs' allegations, which sound in design defect. Under a design defect theory, *all* of a particular product are defective as a result of an unreasonably dangerous underlying design; under a manufacturing defect theory, on the other hand, a specific product deviated from the intended design in a way that the product at issue was defective. *See* Restatement (Third) of Torts § 2 cmt. d ("Whereas a manufacturing defect consists of a product unit's failure to meet the manufacturer's design specifications, a product asserted to have a defective design meets the manufacturer's design specifications but raises the question whether the specifications themselves create unreasonable risks."). A warranty that applies exclusively to "defects in 'material, workmanship'" covers only "manufacturing defects." *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 226 (S.D.N.Y. 2015); *see also Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*, 508 F. App'x 180, 185 (3d Cir. 2012) (concluding under Pennsylvania law that design defects were not covered by a warranty that goods would "be of good material and workmanship"); *Nelson v. Nissan N. Am., Inc.*, No. CIV. 11-5712 JEI/AMD, 2014 WL 7331922, at *2 (D.N.J. Dec. 19, 2014) ("[A]bsent specific language to the contrary, design defects cannot be encompassed within the meaning of defects in workmanship or materials.").

Plaintiffs' Limited Warranty covers certain "costs to replace any defective parts of the Ovens that fail due to defects in materials or workmanship." (Compl. ¶ 31; *see also* Ex. B at 4.) The Limited Warranty therefore covers manufacturing defects only. *See Garcia*, 127 F. Supp. 3d at 226; *Mack Trucks*, 508 F. App'x at 185; *Nelson*, 2014 WL 7331922, at *2. Yet Plaintiffs'

Complaint alleges only a design defect theory.[8] Indeed, the crux of Plaintiffs' Complaint is that soda lime glass is *never* suitable for use in oven doors. (*E.g.*, Compl. ¶ 39 ("When heated, the soda lime glass expands substantially more than glass manufactured with other, more suitable types of glass . . . ."); ¶ 40 ("Breaking or shattering occurs because soda lime glass cannot withstand nearly the same range of temperature changes as other, more suitable types of glass . . . ."); ¶ 42 ("Because soda lime glass is peculiarly prone to cracking . . . it is unsuitable for use in Ovens.").) Because Plaintiffs' only theory, of design defect, is excluded by the Limited Warranty, the Court should dismiss Plaintiffs' express warranty claim.

### C.    Neither Plaintiff Alleges He Relied on a Promise in Purchasing His Oven

Plaintiffs' breach of express warranty claim fails for the additional reason that neither pleads reliance on a promise. A plaintiff bringing an express warranty claim must allege the existence of "an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase" and that the plaintiff "relied upon" the promise. *DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601, 625 (S.D.N.Y. 2012); *see also Mendez v. Shah*, 94 F. Supp. 3d 633, 639 (D.N.J. 2015); *Jeter v. Brown & Williamson Tobacco Corp.*, 113 F. App'x 465, 468 (3d Cir. 2004) (applying Pennsylvania law). Plaintiffs allege neither a promise nor reliance.

Plaintiffs identify a handful of quotations from the GE Appliances website, such as that GE Appliances is "America's #1 Appliance Brand" and uses a "forward-thinking tradition." (Compl. ¶¶ 18-21.) Plaintiffs also allege that they bought their ovens "based on the GE name, reputation . . . price." (*Id.* ¶¶ 48, 58.) None of these is a promise creating an express warranty. *E.g.*, *Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 185 (E.D.N.Y. 2018) (dismissing express

---

[8] While Plaintiffs at times use the conclusory label "manufacturing defect" (*e.g.*, Compl. ¶¶ 7, 29), they fail to plead facts plausibly alleging a breach of the Limited Warranty. *See Garcia*, 127 F. Supp. 3d at 226-27 (dismissing express warranty claim because plaintiffs pleaded design defect claims not covered by the warranty, finding plaintiffs' "offhand references" to "manufacturing defects" did not "set forth sufficient facts to state a manufacturing defect claim").

warranty claim because brand name could not create express warranty), *aff'd sub nom. Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701 (2d Cir. 2020); *Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 452 (D.N.J. 2013) (dismissing express warranty claim because choice of a specific brand is "woefully inadequate to constitute an affirmation of fact"). Nor do Plaintiffs' allegations that they purchased their ovens based on unspecified "positive online reviews" (Compl. ¶¶ 48, 58) create an express warranty, because Plaintiffs do not allege *Defendants* created these reviews. Thus, these reviews are not affirmations "made by the seller to the buyer", and accordingly cannot be the basis of Plaintiffs' express warranty claims. *See* N.Y. U.C.C. § 2-313(1)(a); N.J. Stat. § 12A:2-313(1)(a); 13 Pa. C.S.A. § 2313(a)(1).

Moreover, even if any of these statements did create an actionable promise, Plaintiffs' express warranty claim still fails because they do not allege they saw or relied on any of these statements when purchasing their ovens. *See, e.g.*, *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 823 (E.D. Pa. 2016) (dismissing express warranty claim because "the Complaint fails to allege any of the circumstances under which each Plaintiff read or saw each particular warranty, or how that warranty came to be a basis of each Plaintiff's bargain with Bayer"); *Murrin v. Ford Motor Co.*, 756 N.Y.S.2d 596, 597 (N.Y. App. Div. 2003) (affirming dismissal of express warranty claim because the plaintiff failed to allege defendant's advertisements "were part of the bargain or that he even was aware of any of these advertisements before his purchase"); *Eberhart v. LG Electronics USA, Inc.*, No. CV 15-1761, 2015 WL 9581752, at *7 (D.N.J. Dec. 30, 2015) (same). The Court should dismiss Plaintiffs' claim for the independent reason that neither Plaintiff plausibly alleges reliance on a promise.

### III.   PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS BECAUSE PLAINTIFFS DO NOT IDENTIFY A CONTRACT OR BREACH

Plaintiffs next allege, in the alternative to their express warranty claim, that Defendants breached an unspecified contract. To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) breach; and (3) damages. *See Nat'l Mkt. Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520, 525 (2d Cir. 2004) (applying New York law).[9] A plaintiff "must allege the specific provisions of the contract upon which the breach of contract claim is based. A claim for breach of contract cannot be sustained by a conclusory statement that the accused breached a contract." *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 412-13 (S.D.N.Y. 2009). Because Plaintiffs fail to allege any contract other than the Limited Warranty, much less which specific provision Defendants allegedly breached, their breach of contract claim fails.[10] *See id.* (dismissing breach of contract claim); *Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 460 (D.N.J. 2009) (same); *S&G Patroleum Co. v. Brice Cap. Corp.*, No. CIV. A. 92-5078, 1993 WL 20215, at *1 (E.D. Pa. Jan. 26, 1993) (same).

### IV.   PLAINTIFFS' CONSUMER FRAUD CLAIMS FAIL

Mr. Haft further claims violations of New York's GBL, the New Jersey Consumer Fraud Act ("NJCFA"), and Mr. Fisher claims Defendants violated the Pennsylvania Unfair Trade Practice and Consumer Protection Law ("PACPL"). These claims all fail because Plaintiffs do not allege the required elements of causation or reliance. Mr. Haft's GBL claims also fail because he does not allege a connection between the allegedly unlawful act and New York. And Mr. Haft's NJCFA claim also fails because he does not plead it with Rule 9(b) specificity.

---

[9] *See also Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016); *EnviroFinance Grp., LLC v. Env't Barrier Co., LLC*, 113 A.3d 775, 787 (N.J. App. 2015).

[10] To the extent Plaintiffs' breach of contract claim is premised on the Limited Warranty, Plaintiffs' breach of contract claim fails for the reasons their express warranty claim fails. *See supra* Argument Section II.

### A.    Plaintiffs Fail to Allege Causation or Reliance

Under the consumer fraud statutes at issue, a plaintiff must allege pre-sale awareness of a proscribed practice to state a claim, and that the practice either caused the injury or plaintiff relied on the practice and was injured as a result. Under GBL sections 349 and 350, a plaintiff must "'show that the defendant's material deceptive act caused the injury.'" *Bevelacqua v. Brooklyn L. Sch.*, 975 N.Y.S.2d 365, 2013 WL 1761504, at *5 (N.Y. Sup. Ct. 2013) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941-42 (N.Y. 2012) and *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (N.Y. 2000)). Likewise, under the NJCFA, the plaintiff must allege "a 'causal relationship between the unlawful conduct and the ascertainable loss.'" *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 610 (D.N.J. 2016) (quoting *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009)). And, similarly, a claim under the PACPL requires a plaintiff to "show that he justifiably relied on the defendant's wrongful conduct . . . and that he suffered harm as a result of that reliance." *Yocca v. Pitts. Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004).

As stated above, neither Plaintiff alleges any facts about his purchasing decision. Though Plaintiffs identify certain statements from Defendants' websites,[11] neither Plaintiff alleges what information or representations, if any, he saw or heard, before sale and how that information affected his purchase decision. (*See* Compl. ¶¶ 47-65). When a plaintiff fails to allege pre-sale knowledge of any deceptive act or false advertising, he cannot state a claim under any of these statutes.[12] *See Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 480

---

[11] Notably, Plaintiffs do not contend that the website statements in paragraphs 17-21 are false or misleading.

[12] Likewise, to the extent Plaintiffs rely on an omission-based theory, their claims fail because Plaintiffs do not plausibly allege facts showing pre-sale knowledge of any specific advertisements. *See, e.g.*, *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 452 (D.N.J. 2012) (dismissing fraudulent omission claim under California's unfair competition and false advertising law because plaintiff did not allege "that she saw any Miele advertisements or representations regarding its front-loading washing machines such that she would have been aware of any relevant

(S.D.N.Y. 2014) ("To properly allege causation, a plaintiff must state in his complaint that he has seen the misleading statements of which he complains before he came into possession of the products he purchased."); *Argabright*, 201 F. Supp. 3d at 611 (dismissing GBL § 349 and NJCFA claims because "[t]he Complaint is devoid of any facts" showing "that, at the time of their purchase, [plaintiffs] were aware of the allegedly false advertising claims"); *Goleman v. York Int'l Corp.*, No. CIV.A. 11-1328, 2011 WL 3330423, at *9 (E.D. Pa. Aug. 3, 2011) (dismissing PACPL claim because plaintiff failed to allege any specific deceptive statements). The Court should likewise dismiss Plaintiffs' claims under the GBL, NJCFA, and PACPL.

**B.      Mr. Haft's GBL Claims Fail Because He Does Not Identify a Sufficient Connection between the Allegedly Wrongful Conduct and New York**

Mr. Haft's claims under GBL sections 349 and 350 fail for the independent reason that those statutes only proscribe conduct occurring "in this state." *See* NY GBL § 349(a) ("Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."); *id.* § 350 ("False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."). The New York Court of Appeals has interpreted this GBL language to create a territorial restriction. *See Goshen v. Mut. Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195 (N.Y. 2002). To assert a GBL claim, "[t]he transaction in which the consumer is deceived must occur in New York," *id.*, which means that a plaintiff must have either bought the product in New York or been deceived in New York, *see Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 122 (2d Cir. 2013).

---

disclosures or omissions"). Though Plaintiffs allege that they "would not have purchased the Oven or would have paid less for it" had Defendants disclosed the alleged defect (Compl. ¶¶ 56, 66), they provide no factual basis to infer what Defendants should have disclosed, much less how that disclosure would have likely led Plaintiffs to act differently given that they did not allege seeing *any* advertising or statements from Defendants pre-purchase.

Mr. Haft meets neither test. Though Mr. Haft alleges that he lives in New York, he bought his oven in New Jersey. (Compl. ¶¶ 13, 47.) He does not allege that he was deceived in New York, nor does he allege any other connection between Defendants' allegedly deceptive practices and the State. (*See id.* ¶¶ 47-56, 182-209.) As a result, the Court should dismiss Mr. Haft's claims under GBL sections 349 and 350. *See, e.g., McVetty v. TomTom N. Am., Inc.*, No. 19 CV 4908 (NSR), 2021 WL 965239, at *3 (S.D.N.Y. Mar. 13, 2021) (dismissing claims under GBL sections 349 and 350 because "Plaintiff's Complaint ignores and fails to address the territorial requirement where it merely alleges that McVetty is a citizen of New York and fails to make any allegations about where he was exposed to allegedly deceptive materials or purchased TomTom Products"); *In re Subaru Battery Drain Prod. Liab. Litig.*, No. 1:20-CV-03095-JHR-JS, 2021 WL 1207791, at *26 (D.N.J. Mar. 31, 2021) (dismissing claims under GBL sections 349 and 350 even though plaintiff was a New York resident, because "he purchased his Class Vehicle in New Jersey, and does not allege that any deceptive conduct occurred in New York").

### C.    Mr. Haft Fails to State a Claim Under the NJCFA

The Court should also dismiss Mr. Haft's NJCFA claim because he fails to support his claim with any well-pled facts, let alone with the specificity required to satisfy Rule 9(b). To state a claim under the NJCFA, a plaintiff must allege facts that, if true, would prove: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland*, 964 A.2d at 749 (discussing N.J. Stat. § 56:8-2). These facts must be pleaded with the heightened specificity required by Rule 9(b). *See Frederico v. Home Depot*, 507 F.3d 188, 202-03 (3d Cir. 2007) (affirming dismissal of NJCFA claim for failure to satisfy Rule 9(b)). Rule 9(b) requires a plaintiff to "allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of

substantiation . . . ." *Id.* at 200. Because Plaintiff has not alleged any facts showing unlawful conduct or an ascertainable loss, much less satisfied Rule 9(b), his NJCFA claim fails.

1.      Mr. Haft has not alleged unlawful conduct.

The first element, "unlawful conduct," is a term of art. The NJCFA defines it as:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . .

N.J. Stat. Ann. § 56:8-2. From this definition, courts have derived three broad categories of unlawful conduct: affirmative acts, knowing omissions, and violations of state regulations. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994). Here, Mr. Haft conclusorily alleges GE engaged in two types of unlawful conduct: "affirmative acts" and "knowing omissions." (*See* Compl. ¶¶ 219.) Mr. Haft has not pled either type with the particularity required by Rule 9(b).

As for "affirmative acts," Mr. Haft makes only conclusory allegations—for example, that Defendants "represent[ed] that the Ovens are of a particular standard, quality, and grade when they are not," "misrepresent[ed] that the Ovens were fit for their intended purpose of heating and/or cooking food," and "otherwise engag[ed] in conduct likely to deceive." (Compl. ¶ 219.) Because such allegations do not allege "the date, time, and place of the alleged fraud" or "otherwise inject precision" into the NJCFA claim, the Court should dismiss it. *Frederico*, 507 F.3d at 200; *see also Gengo v. Jets Stadium Dev., LLC*, No. 18-8012 (SRC), 2018 WL 4144686, at *6-7 (D.N.J. Aug. 30, 2018) (dismissing NJCFA claim because the plaintiff did not plead particularized facts about defendant's allegedly unlawful representations); *Mladenov v. Wegmans Food Mkts., Inc.*, 124 F. Supp. 3d 360, 374 (D.N.J. 2015) (same).

Mr. Haft's alleged "knowing omissions" are equally deficient. (*See, e.g.*, Compl. ¶ 219 (Defendants "fail[ed] to disclose information concerning the Ovens with the intent to induce

consumers" and "fail[ed] to disclose its knowledge . . . that the glass-front doors are prone to shattering").) Mr. Haft does not allege what information Defendants knew prior to sale and should have disclosed, what person(s) at Defendants should have made such disclosures, and when such disclosures should have been made. Accordingly, the Court should dismiss Mr. Haft's NJCFA claim. *See Hofman v. Time Warner Cable Inc.*, No. 12–00978 (ES), 2013 WL 2460121, at *6 (D.N.J. June 6, 2013) (dismissing NJCFA claim premised on omissions because the plaintiff failed to plead "any details at all" such as the nature, date, time, and place).

Moreover, under the NJCFA, consumer fraud "consisting of an act of omission" requires a showing that a defendant's act was "knowing." *Chattin v. Cape May Greene, Inc*., 581 A.2d 91, 95 (N.J. Super Ct. App. Div. 1990). Plaintiff's only factual allegations in support of his assertion of "knowledge" are complaints on third-party websites. (*See* Compl. ¶¶ 66-71.) Courts routinely find such allegations cannot show pre-sale knowledge, because "imputing knowledge of a defect to a manufacturer based upon an internet posting would mean that virtually every consumer product company would be subject to fraud claims." *Oliver v. Funai Corp.*, No. 14-cv-04532, 2015 WL 9304541, at *4 (D.N.J. Dec. 21, 2015) (citation omitted); *see also Rait v. Sears, Roebuck & Co.*, No. 08–2641 (JLL), 2009 WL 3667067, at *3-5 (D.N.J. Nov. 4, 2009) (dismissing NJCFA claim, finding internet complaints insufficient to support an allegation that a manufacturer intended to deceive customers into purchasing a product it knew was defective). Because Plaintiff has not alleged facts showing any "unlawful act," the Court should dismiss his NJCFA claim.

2.    <u>Mr. Haft cannot show ascertainable loss under New Jersey law.</u>

Mr. Haft's NJCFA claim also fails because he cannot show ascertainable loss. An ascertainable loss under the NJCFA occurs "when a consumer receives less than what was promised." *Union Ink Co. v. AT&T Corp.*, 801 A.2d 361, 379 (N.J. Super. Ct. App. Div. 2002).

"[A] plaintiff cannot maintain an action under New Jersey's CFA when the only allegation is that the defendant 'provided a part—alleged to be substandard—that outperforms the warranty provided.'" *Noble v. Porsche Cars N. Am., Inc.*, 694 F. Supp. 2d 333, 337 (D.N.J. 2010) (quoting *Perkins v. DaimlerChrysler Corp.*, 890 A.2d 997, 1004 (N.J. Super. Ct. App. Div. 2006)). Mr. Haft had a one-year Limited Warranty. (Compl. ¶ 31; Ex. B at 4.) But he claims that the alleged defect occurred more than two-and-a-half years after purchase. (Compl. ¶¶ 47, 50.) Because his oven outperformed its Limited Warranty, Mr. Haft cannot state an ascertainable loss. *See Duffy v. Samsung Elecs. Am., Inc.*, No. CIV.06–5259 (DRD), 2007 WL 703197, at *8 (D.N.J. Mar. 2, 2007) (no ascertainable loss "because Plaintiff's microwave continued to perform beyond the period in which Samsung was contractually bound to repair or replace any defective part . . . . To recognize Plaintiff's [NJCFA] claim would essentially extend the warranty period beyond that to which the parties agreed."). The Court should dismiss Mr. Haft's NJCFA claim.

## V.      PLAINTIFFS DO NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF

Finally, the Court should dismiss Plaintiffs' Complaint to the extent it pleads injunctive relief. To have standing to seek injunctive relief, "a plaintiff must demonstrate that (1) he or she has suffered an injury; (2) the injury is traceable to the defendants' conduct; and (3) a federal court decision is likely to redress the injury." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998). "Plaintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983)). "[P]ast injuries . . . do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Id.*

Plaintiffs allege that standing exists "because they would consider purchasing another Oven provided that it was manufactured in such a way as to not suffer from the Defect, or if GE extended the warranty on the Ovens." (Compl. ¶ 109; *see also id.* ¶ 113.) Allegations of a hypothetical future injury, however, do not create standing. *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 465 (S.D.N.Y. 2020) (dismissing injunctive claim where party alleged hypothetical injury: "*if* they choose to purchase Godiva's products in the future, then they may be harmed"). Indeed, "past purchasers of a product . . . are not likely to encounter future harm of the kind that makes injunctive relief appropriate," *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020), and Plaintiffs say nothing to warrant a different result.

## <u>CONCLUSION</u>

For all of these reasons, Defendants respectfully request that this Court dismiss Plaintiffs' entire Amended Class Action Complaint in with prejudice and grant such other and further relief as the Court deems just and proper.

19

Dated:    April 13, 2021

Respectfully submitted,


*s/Marissa S. Ronk*
Marissa S. Ronk (admitted *pro hac vice*)
Juan S. Ramirez (admitted *pro hac vice*)
Hays C. Doan (admitted *pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street Suite 4500
Denver, Colorado 80202-5647
Telephone:    303.244.1800
Email: ronk@wtotrial.com
          ramirez@wtotrial.com
          doan@wtotrial.com

Mona Simonian
Michael Adelman
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036-6569
Telephone:    212.326.0413
Facsimile:    212.326.0806
Email: msimonian@pryorcashman.com
          madelman@pryorcashman.com

Attorneys for Defendants General Electric
Company and Haier US Appliance Solutions, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 13, 2021, I electronically filed the foregoing

**Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs'**

**Amended Class Action Complaint** with the Clerk of Court using the CM/ECF system which

will send notification of such filing to the following email addresses:

- **Jonathan Betten Cohen**
  jonathan@gregcolemanlaw.com, lcarreiro@forthepeople.com

- **Maryaneh Mona Simonian**
  msimonian@pryorcashman.com, docketing@pryorcashman.com

- **Rachel L. Soffin**
  rachel@gregcolemanlaw.com, dawn@gregcolemanlaw.com

- **Alex Rafael Straus**
  alex@gregcolemanlaw.com, sheldman@whitfieldbryson.com,
  tracy@whitfieldbryson.com, cathy@gregcolemanlaw.com, GCLPC@ecf.courtdrive.com

*s/ Marissa S. Ronk*