USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2022



Rachel Soffin
800 S Gay St, Ste 1100
Knoxville, TN 37929
865-247-0080
rsoffin@milberg.com

January 19, 2022

Dear Judge Woods:

    Pursuant to the Court's Individual Rules, Plaintiffs Asher Haft and Robert Fisher write to respectfully request that the Court authorize limited redactions in the Second Amended Complaint Plaintiffs have filed contemporaneously with this letter motion, which contain or reference materials designated by Defendant, Haier Us Appliance Solutions Inc. d/b/a GE Appliances, as "CONFIDENTIAL" pursuant to ECF No. 43.

    Specifically, Plaintiffs seek to redact information regarding Defendant's internal email correspondence discussing information relevant to Plaintiffs' claims and the alleged defect at issue in this litigation, which Defendant recently produced in discovery. As shown in the unredacted Second Amended Complaint, submitted concurrently with this letter motion, Plaintiffs' request is narrowly tailored and concerns a very small amount of material. A publicly available version of the Second Amended Complaint will remain on file with only minimal redactions.

### I. Legal Standard

    The district court enjoys considerable discretion in determining whether to seal or redact documents filed in federal courts. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); see generally Fed. R. Civ. P. 5.2(e); Fed. R. Civ. P. 26(c). The Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be available to the public. See *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the court must determine whether the documents are "judicial documents," to which the public has a presumptive right of access. Id. at 119. In order to be considered judicial documents, the documents must be "relevant to the performance of the judicial function and useful in the judicial process." Id. (quotation marks and citation omitted). Second, if the court determines that the materials in question are judicial documents, then the court must determine the weight of the presumption of access. Id. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, "the court must 'balance competing considerations against [sealing].'" *Lugosch*, 435 F.3d at 120 (quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Id. (quotation marks and citation omitted).

      While Plaintiffs have only just received and reviewed the discovery materials referenced in the Second Amended Complaint, and do not waive any right in the future to seek de-designation of these materials as confidential, for present purposes, Plaintiffs acknowledge that materials that "contain non-public strategies and financial information constitute 'confidential commercial information'" that warrants protection from disclosure under Federal Rule 26(c)(1)(G). *New York v. Actavis, PLC*, 2014 U.S. Dist. LEXIS 149327, at *7 (S.D.N.Y. Oct. 21, 2014).

## II.    Requested Relief

      Plaintiffs respectfully request that the Court authorize redactions of information Defendant has marked confidential from their Second Amended Complaint, and that the sealed, unredacted version of the papers be made available via ECF to the Court and all Parties' attorneys in this matter.

      The undersigned has conferred with counsel for Defendant who confirmed that Defendant does not object to the relief requested herein.

      Sincerely,

      *Rachel Soffin*

      Rachel Soffin

CC:    All Counsel of Record

---

Plaintiffs' motion to seal is denied without prejudice. Overcoming the presumption of public access "requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." *Newsday LLC v. Cty. of Nassau,* 730 F.3d 156, 167 n.15 (2d Cir. 2013). Here, Plaintiffs have not provided the Court with a sufficient basis to overcome the presumption of public access. Plaintiffs rely on the fact that the documents were marked as "confidential" when produced by Defendant, but that fact alone does not provide the Court with enough information to seal the documents in question. Unless the Court orders otherwise, the complaint must be filed on the docket without redaction no later than January 27, 2022.

The Clerk of Court is instructed to terminate the motion at Dkt. No. 64.

SO ORDERED.

Dated: January 21, 2022
New York, New York

        _____
        GREGORY H. WOODS
        United States District Judge