UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHER HAFT and ROBERT FISHER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>HAIER US APPLIANCE SOLUTIONS, INC. d/b/a GE APPLIANCES,<br><br>        Defendant. | Civil Action No. 1:21-cv-00506-GHW<br><br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATIONS** |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

STATEMENT OF ALLEGED FACTS ............................................................................... 2

LEGAL STANDARD ......................................................................................................... 6

ARGUMENT ...................................................................................................................... 6

I.      PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIM FAILS. ...................... 6

      A.     Plaintiffs Still Fail to Plead a Breach of Express Warranty Because They Do Not Allege Their Ovens Broke in the Limited Warranty's One-Year Period. ................................................................................................................. 6

      B.     Plaintiffs Have Not Adequately Alleged Unconscionability. ............................... 7

           1.     Unconscionability is a question of law. ................................................... 7

           2.     Plaintiffs fail to adequately allege procedural unconscionability. ............. 7

           3.     Plaintiffs fail to adequately allege substantive unconscionability. ........... 10

      C.     Plaintiffs Allege Only a Design Defect, which the Limited Warranty Does Not Cover. ......................................................................................................... 12

      D.     Neither Plaintiff Alleges He Relied on a Promise in Purchasing His Oven. ........ 15

II.     PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS BECAUSE IT DUPLICATES THEIR FAILED EXPRESS WARRANTY CLAIM. ............................. 16

III.    PLAINTIFFS DO NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF .......... 16

IV.   PLAINTIFF HAFT LACKS STANDING TO SUE UNDER THE NEW JERSEY CONSUMER FRAUD ACT ...................................................................................... 17

V.    THE COURT SHOULD STRIKE THE NATIONWIDE, NEW YORK, AND NEW JERSEY CLASSES. ........................................................................................ 19

VI.   THE COURT SHOULD DENY LEAVE TO AMEND ................................................. 20

CONCLUSION .................................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Abraham v. Volkswagen of Am., Inc.*,
   795 F.2d 238 (2d Cir. 1986) .................................................................................. 6

*Aiello v. Brown*,
   No. 21-0987-CV, 2021 WL 5505107
   (2d Cir. Nov. 24, 2021) ...................................................................................... 17

*Alban v. BMW of N. Am.*,
   No. CIV. 09-5398 (DRD), 2011 WL 900114
   (D.N.J. Mar. 15, 2011) ...................................................................................... 10

*Alexander v. Am. Airlines, Inc.*,
   No. 4:02-CV-0252-A, 2002 WL 731815
   (N.D. Tex. Apr. 22, 2002) .................................................................................. 19

*Amato v. Subaru of America, Inc.*,
   No. CV 18-16118, 2019 WL 6607148
   (D.N.J. Dec. 5, 2019) ............................................................................... 9, 10, 12

*Argabright v. Rheem Mfg. Co.*,
   258 F. Supp. 3d 470 (D.N.J. 2017) ..................................................................... 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................... 6, 10

*Axon v. Citrus World, Inc.*,
   354 F. Supp. 3d 170 (E.D.N.Y. 2018) ................................................................ 15

*Banco Safra S.A.-Cayman Islands Branch v. Samarco Mineracao S.A.*,
   849 F. App'x 289 (2d Cir. 2021) ........................................................................ 20

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................... 6, 10

*Bobadilla-German v. Bear Creek Orchards, Inc.*,
   No. CV 07-3058-PA, 2009 WL 1726342
   (D. Or. June 17, 2009) ....................................................................................... 19

*Catalano v. BMW of N. Am., LLC*,
   167 F. Supp. 3d 540 (S.D.N.Y. 2016) ................................................................ 14

*Cooper v. Samsung Elecs. Am., Inc.*,
   374 F. App'x 250 (3d Cir. 2010) ................................................................... 17, 18

*DiBartolo v. Abbott Labs.*,
   914 F. Supp. 2d 601 (S.D.N.Y. 2012) ............................................................. 15

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
   66 F.3d 604 (3d Cir. 1995) ............................................................................. 6

*Eberhart v. LG Electronics USA, Inc.*,
   No. CV 15-1761, 2015 WL 9581752
   (D.N.J. Dec. 30, 2015) .................................................................................. 16

*Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*,
   No. 14-CV-712 (SHS), 2020 WL 4349840
   (S.D.N.Y. July 29, 2020) ............................................................................... 17

*Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*,
   936 F. Supp. 2d 441 (D.N.J. 2013) ............................................................... 15

*Fisher v. SmithKline Beecham Corp.*,
   No. 07-CV-0347A(F), 2009 WL 10681947
   (W.D.N.Y. Mar. 11, 2009) ............................................................................ 15

*Fleisher v. Fiber Composites, LLC*,
   No. CIV.A. 12-1326, 2012 WL 5381381
   (E.D. Pa. Nov. 2, 2012) ................................................................................ 15

*Garcia v. Chrysler Grp. LLC*,
   127 F. Supp. 3d 212 (S.D.N.Y. 2015) ............................................... 12, 13, 14

*Harbison v. Louisiana-Pac. Corp.*,
   602 F. App'x 884 (3d Cir. 2015) ............................................................ 10, 11

*In re Caterpillar*,
   No. 1:14-CV-3722 (JBS-JS), 2015 WL 4591236
   (D.N.J. July 29, 2015) .................................................................................... 8

*Jeter v. Brown & Williamson Tobacco Corp.*,
   113 F. App'x 465 (3d Cir. 2004) .................................................................. 15

*Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*,
   508 F. App'x 180 (3d Cir. 2012) .................................................................. 12

*McLaughlin v. Bayer Corp.*,
   172 F. Supp. 3d 804 (E.D. Pa. 2016) ........................................................... 16

*Mendez v. Shah*,
   94 F. Supp. 3d 633 (D.N.J. 2015) ................................................................ 15

*Mill-Bern Assocs., Inc. v. IBM Corp.*,
   64 F. App'x 792 (2d Cir. 2003) ........................................................................... 7

*Miller v. Hyundai Motor Am.*,
   No. 15-CV-4722 (TPG), 2017 WL 4382339
   (S.D.N.Y. Sept. 29, 2017) ............................................................................. 13, 14

*Murrin v. Ford Motor Co.*,
   756 N.Y.S.2d 596 (N.Y. App. Div. 2003) ........................................................... 16

*Nelson v. Nissan N. Am., Inc.*,
   894 F. Supp. 2d 558 (D.N.J. 2012) ...................................................................... 9

*Nelson v. Nissan N. Am., Inc.*,
   No. 11-5712 (JEI/AMD), 2014 WL 7331922
   (D.N.J. Dec. 19, 2014) ................................................................................... 13, 14

*Piller v. JPMorgan Chase Bank*,
   No. CV 20-2248, 2020 WL 8186165
   (D.N.J. Oct. 23, 2020) .............................................................................. 2, 17, 18

*Ponzio v. Mercedes-Benz USA, LLC*,
   447 F. Supp. 3d 194 (D.N.J. 2020) ..................................................................... 12

*Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*,
   832 F. Supp. 2d 194 (E.D.N.Y. 2010) ........................................................... 10, 11

*Smith v. Ford Motor Co.*,
   462 F. App'x 660 (9th Cir. 2011) ..................................................................... 9, 10

*Snyder v. Farnam Cos., Inc.*,
   792 F. Supp. 2d 712 (D.N.J. 2011) ..................................................................... 15

*Tyman v. Pfizer, Inc.*,
   No. 16-CV-6941-LTS-BCM, 2018 WL 481890
   (S.D.N.Y. Jan. 18, 2018) ..................................................................................... 19

*Werwinski v. Ford Motor Co.*,
   286 F.3d 661 (3d Cir. 2002) ................................................................................. 9

**STATUTES**

13 Pa. C.S.A. § 2313 ............................................................................................ 16

N.J. Stat. § 12A:2-313 ......................................................................................... 16

N.Y. U.C.C. § 2-313 ............................................................................................. 16

**RULES**

Fed. R. Civ. P. 8 ............................................................................................................. 6

Fed. R. Civ. P. 15 .......................................................................................................... 20

**OTHER AUTHORITIES**

Restatement (Third) of Torts § 2 ................................................................................. 13

## **INTRODUCTION**

Nothing has changed since this Court dismissed Plaintiffs' original claims for breach of express warranty, breach of contract, and injunctive relief. *See* ECF No. 61. This Court held that Plaintiffs did not state an express warranty or contract claim because their claims arose *after* the warranty expired, and Plaintiffs failed to adequately plead that the warranty's one-year durational limit was unconscionable. *Id.* at 10–19. This is still the case today. Unable to allege the facts this Court indicated were necessary to plead an express warranty claim, Plaintiffs' Second Amended Class Action Complaint (ECF No. 70) (the "SAC") doubles down on Plaintiffs' "highly conclusory" unconscionability allegations and fails to offer any other basis to invalidate the warranty's one-year time limit. On this basis alone, the express warranty claim should be dismissed, as should the contract claim, which again only alleges a breach of the express warranty.

The Court should also dismiss these claims on two additional, independent grounds. First, the express warranty does not obligate Defendant Haier US Appliance Solutions, Inc. d/b/a GE Appliances ("GEA") to remedy the *design* defect Plaintiffs allege, as it only covers manufacturing defects. Second, Plaintiffs fail to adequately plead that they relied on an enforceable promise that GEA made in purchasing their ovens. Either way, Plaintiffs' express warranty and contract claims should be dismissed.

Plaintiffs' reasserted claims for injunctive relief likewise fail for the same reasons they did before. Plaintiffs do not contest this Court's prior conclusion that, as "past purchasers" of an allegedly defective oven, Plaintiffs are unlikely "to purchase the oven in the future," a prerequisite to a claim for injunctive relief. *Id.* at 36. In fact, Plaintiffs' latest claims for injunctive relief are identical to the ones this Court already dismissed. Accordingly, Plaintiffs still "lack standing to pursue injunctive relief," and their claims for such relief should be dismissed. *See id.*

Beyond repeating their initial errors, Plaintiffs' latest pleading also confirms that Plaintiff Asher Haft has no standing to sue under the New Jersey Consumer Fraud Act ("NJCFA") because "[a] plaintiff may bring state law consumer protection claims only under the law of the state where she lived and the alleged injury occurred." *Piller v. JPMorgan Chase Bank*, No. CV 20-2248, 2020 WL 8186165, at *2 (D.N.J. Oct. 23, 2020). Mr. Haft, however, lives in New York, and his injuries occurred there. He also alleges no other significant connection to New Jersey in this case other than the sale itself. As such, his NJCFA claim should be dismissed for lack of statutory standing.

Given these deficiencies, the only remaining claim is Plaintiff Robert Fisher's claim for an alleged violation of Pennsylvania's consumer protection law.[1] But he only brings that claim on behalf of himself and Pennsylvania residents who own or owned a GEA oven with a door made with soda lime glass. Plaintiffs have thus failed to state *any* claims on behalf of the Nationwide, New York, and New Jersey Classes. As such, those classes should all be stricken.

## STATEMENT OF ALLEGED FACTS

The SAC is largely unchanged from Plaintiffs' First Amended Class Action Complaint (ECF No. 31) (the "FAC"). *See generally* Ex. 1 (blackline comparing the FAC to the SAC). Plaintiffs still allege that, in 2018, they bought GEA ovens from third-party retailers "based on the GE name, reputation, positive online reviews, and price." SAC ¶¶ 46–47, 57–58. Likewise, they still allege that GEA breached the ovens' "Limited Warranty," which expired "one year from the date of original purchase." Ex. 2, at 4 (Haft's Limited Warranty); *accord* Ex. 3 at 6 (Fisher's Limited Warranty).[2]

---

[1] GEA continues to maintain that Mr. Fisher fails to plead an actionable claim under the Pennsylvania Unfair Trade Practice and Consumer Protection Law, and does not waive its rights with respect to those claims. It recognizes the Court's recent ruling on this claim, however, and therefore does not re-address it in this motion.

[2] Because the Complaint expressly incorporates the Limited Warranty, the Court may consider its contents. *See* ECF No. 61 at 2 n.2.

> For the period of one year from the date of the original purchase. GE will provide any part of the range which fails due to a defect in materials or workmanship. During this limited one-year warranty, GE will also provide, free of charge, all labor and in-home service to replace the defective part.

Further, Plaintiffs still do not (and cannot) deny that GEA customers may "[p]urchase a GE extended warranty on-line anytime," a point the Limited Warranty makes clear:

> **Extended Warranties:** Purchase a GE extended warranty and learn about special discounts that are available while your warranty is still in effect. You can purchase it on-line anytime

The SAC also does not change the basis for Plaintiffs' express warranty and contract claims. Plaintiffs still concede that their ovens worked for more than two years before the oven door glass cracked. *Id.* ¶¶ 49–50, 60–61. They continue to claim that the glass cracked because of "a uniform defect whereby [soda lime glass] cannot withstand . . . high temperatures." *Id.* ¶ 28. And they still allege that GEA breached the Limited Warranty by failing "to adequately repair or replace the Ovens" and "by selling Ovens that were, in actuality, not free of defect" in the first place. *Id.* ¶¶ 126–27; *see also id.* ¶¶ 150–51 (similar for contract claim).

| *Allegation* | *FAC¶* | *SAC¶* |
|---|---|---|
| "GE knew or should have known of the Defect prior to and at the time of sale of the Ovens to consumers." | 92(a) | 96(a)[3] |
| "Plaintiffs and Class Members had no ability to discover[] the Defect at the time of sale." | 92(b) | 96(h) |
| "The one-year durational limit on the warranty is grossly inadequate to protect Plaintiffs and Class Members from the Defect." | 92(c) | 96(i) |
| "GE sold the Ovens with knowledge of the Defect and of the fact that it may not manifest until after expiration of the one-year warranty." | 92(d) | 96(j) |

---

[3] The SAC words this allegation slightly differently than the FAC and elaborates on the factual basis for this allegation, as explained below.

| *Allegation* | *FAC ¶* | *SAC ¶* |
|---|---|---|
| "GE sold the Ovens with knowledge of the Defect and of the fact that the Ovens would fail well before [the expiration of] their useful lives." | 92(e) | 96(k)[4] |
| "GE sold the Ovens knowing that they were not capable of being repaired or replaced with non-defective glass within a one-year warranty period, or thereafter." | 92(f) | 96(l) |
| "Plaintiffs and Class Members would have negotiated better terms in the purchase of their Ovens and warranties had they been aware of the Defect." | 92(g) | 96(m) |
| "The terms of the warranty unreasonably favor GE over Plaintiffs and Class Members." | 92(h) | 96(n) |
| "Plaintiffs and Class Members had no meaningful choice about the one-year time limit in the warranty." | 92(i) | 96(d)[5] |
| "There was a substantial disparity between the parties' bargaining power such that Plaintiffs were unable to derive a substantial benefit from the warranties. A disparity existed because GE was aware that the Ovens were inherently defective, Plaintiffs and Class Members had no notice or ability to detect the Defect, GE knew Plaintiffs and Class Members had no notice or ability to detect the Defect, and GE knew that Plaintiffs and Class Members would bear the cost of correcting the Defect. This disparity was increased by GE's knowledge that failure to disclose the Defect would substantially limit the Oven's use and could cause it to fail altogether." | 92(j) | 96(f) |
| "GE failed and refused to extend the time limitation of the warranty to cover the Defect, which was known to GE and unknown to consumers at the point of sale." | 92(k) | 96(g) |
| "Any efforts to limit the express warranties in a manner that would exclude coverage of the Ovens is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the Ovens is null and void." | 159 | 136 |
| "The durational limitation in the warranty is unconscionable and unenforceable pursuant to Uniform Commercial Code section 2-302, which state[s] [full quote to § 2-302 omitted]." | 135 160 | 137 |
| "The time limits contained in the warranty are unconscionable and inadequate to protect Plaintiffs and Class Members. Plaintiffs and Class Members had no meaningful choice in determining the time limitation, the terms of which unreasonably favored GE, who had superior and exclusive knowledge of the Defect, which existed at the time of sale of the Ovens. A gross disparity in bargaining power existed between GE, and Plaintiffs and Class Members, and GE knew or should have known that the Ovens were defective at the time of sale and would fail before the expiration of their useful lives." | 136 161 | 138 |
| "The time limits contained in the warranty are also unconscionable given that GE is unable to repair or replace the defective Ovens during the one-year | 162 | 139 |

---

[4] Bracketed words added in SAC.

[5] The SAC words this allegation slightly differently than the FAC, but the substance remains the same: "Plaintiffs and Class Members had no meaningful choice in the terms of the Warranty, including the durational time limitation or disclaimer contained therein." SAC ¶ 96(d).

| *Allegation* | *FAC ¶* | *SAC ¶* |
|---|---|---|
| Warranty period (or after), and the Warranty is a sham. GE used its superior knowledge of the Defect to offer a warranty, which it knew or should have known would not cover the material Defect known to GE to exist in the Ovens at the time of purchase by Plaintiffs and Class Members. GE breached its express warranties to Plaintiffs and Class Members by providing them with Ovens that contain a Defect known to GE, and unknown to Plaintiffs and Class Members, at the time of purchase. GE further breached its express warranties to Plaintiffs and Class Members as it has failed or refused to remedy the Defect or is unable to remedy the Defect." | | |

The *only* original allegation the SAC substantively changes is Plaintiffs' assertion that "GE knew or should have known of the Defect at the time of sale." FAC ¶ 92(a). The SAC now cites from some of "the hundreds or more consumer complaints" allegedly made to GEA regarding glass breakage in ovens, provides additional examples of these alleged complaints, and cites various "[d]ocuments produced by GE during discovery" that allegedly "confirm" GEA knows glass can break. SAC ¶¶ 75, 92(a); *compare also id.* ¶¶ 67–74 *with* FAC ¶¶ 66–71. The SAC does not contain additional facts regarding when the oven glass initially broke in these instances, what percentage of the millions of ovens that GEA sells broke outside of warranty, or how long after the warranty the glass broke.

The SAC also adds three other unconscionability allegations to those in the FAC:

1.     "GE was in a superior position to know of, remedy and disclose the Defect in its Ovens to Plaintiffs, who could not have known of the Defect at the time of purchase;"

2.      "Plaintiffs and Class Members had no ability to negotiate the terms of the Warranty, including the durational time limitation or disclaimers. . . .;"

3.     "Plaintiffs and Class Members had no meaningful choice in choosing another brand of oven, as any other reputable brand would likewise have warranties containing the same or similar terms and limitations."

SAC ¶¶ 96(b), (c), (e); *see also id.* ¶¶ 48, 59. Presumably, these conclusory allegations are meant to strengthen Plaintiffs' assertion that they lacked a "meaningful choice" about the warranty.

Beyond these additions, there are no distinctions between the two complaints material to Plaintiffs' express warranty, contract, and injunctive relief claims.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do" under this standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Likewise, "naked assertion[s] devoid of further factual enhancement" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though the Court must assume that well-pled allegations are true, conclusory allegations are "not entitled to th[at] assumption." *Id.* at 679. A court looks to whether the complaint includes "enough factual matter (taken as true) to suggest" that the plaintiff is entitled to relief. *Twombly*, 550 U.S. at 556. If the complaint does not nudge the plaintiff's claims "across the line from conceivable to plausible," it "must be dismissed." *Id.* at 570.

## ARGUMENT

### I.   PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIM FAILS.

#### A.   Plaintiffs Still Fail to Plead a Breach of Express Warranty Because They Do Not Allege Their Ovens Broke in the Limited Warranty's One-Year Period.

The Court previously held that Plaintiffs failed to adequately plead an express warranty claim because the Limited Warranty expires after one year, and "Plaintiffs have not pleaded that the soda glass oven doors failed within [that] year-long period." ECF No. 61 at 10–11; *see also Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986) ("[A]n express warranty does not cover repairs made after the applicable time or mileage periods have elapsed."); *accord Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995). That fact remains just as true today; Plaintiffs still "have not pleaded that the soda glass oven doors failed

within the year-long period in which Defendant was obligated." ECF No. 61 at 10–11, 21–22; *see also* SAC ¶¶ 31, 49–50, 60–61. For this reason alone, Plaintiffs' express warranty claim fails.

      **B.**     **Plaintiffs Have Not Adequately Alleged Unconscionability.**

          1.     <u>Unconscionability is a question of law.</u>

Because Plaintiffs cannot plead their ovens broke during the Limited Warranty's one-year time period, they once again allege that the Limited Warranty's temporal limitation is unconscionable—an argument Plaintiffs previously made that this Court has already rejected. ECF No. 61 at 12–19. Their allegations once again fail to pass muster.

Unconscionability is a question of law. *Mill-Bern Assocs., Inc. v. IBM Corp.*, 64 F. App'x 792, 794 (2d Cir. 2003). Under the UCC, "[t]he basic test for unconscionability is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." ECF No. 61 at 12. Plaintiffs "must plead both procedural and substantive unconscionability" for the Limited Warranty to be unconscionable. *Id.* "Procedural unconscionability assesses the contract formation process, while substantive unconscionability concerns the content of the contract." *Id.* The Court held that the FAC failed to plead both types of unconscionability. *Id.* at 18–19. The SAC commits the same offenses.

          2.     <u>Plaintiffs fail to adequately allege procedural unconscionability.</u>

To establish procedural unconscionability, Plaintiffs must allege facts showing "a lack of meaningful choice." *Id.* at 12–13. When ruling on GEA's first motion to dismiss, the Court found "highly conclusory" Plaintiffs' allegations that they "had no meaningful choice about the one-year time limit in the warranty," and that "GE failed and refused to extend the time limitation of the warranty." *Id.* at 12–13, 18. The Court found that Plaintiffs failed to plead procedural unconscionability under New York, New Jersey, and Pennsylvania law. *Id.* at 12–13.

The SAC does not correct this deficiency. It still does not allege that Plaintiffs "inquired about the warranty prior to purchasing the oven, for instance," an allegation this Court suggested was necessary to support their other procedural unconscionability allegations. *Id.* Instead, the SAC mainly just repeats the "highly conclusory" allegations from the FAC. *See supra* at 3–5 (comparing FAC ¶¶ 92(b), (g), (j), (k), (i), 161, and 162 with SAC ¶¶ 96, (h), (m), (f), (g), (d), 138, and 139, respectively). The Court held that all of these allegations were "highly conclusory" before, and the SAC adds nothing to make them any less conclusory now.

Likewise, the only nominally new allegations in the SAC—paragraphs 96(b), (c), and (e)—simply replicate the FAC and fail to plead procedural unconscionability. The allegation from SAC paragraph 96(b) that "GE was in a superior position" to know of the defect, for example, was already reflected in the FAC. *See* FAC ¶ 92(j) ("GE was aware that the Ovens were inherently defective, [and] Plaintiffs and Class Members had no notice or ability to detect the Defect."); *id.* ¶ 161 (GEA "had superior and exclusive knowledge of the Defect."). Likewise, allegations that Plaintiffs were unable "to negotiate the terms of the Warranty" and "lacked meaningful choice," SAC ¶¶ 96(c), (e), are another way of saying that "Plaintiffs and Class Members had no meaningful choice about the one-year time limit in the warranty." FAC ¶ 92(i). Substantively, therefore, these allegations are insufficient to plead procedural unconscionability.

And Plaintiffs' new allegations are just as conclusory as the old. Paragraph 96(b)'s allegation concerning GE's "superior position," for example, resembles the allegation deemed conclusory in *In re Caterpillar*, which asserted that a warranty was unconscionable "in light of [the defendant's] superior knowledge of the [product's] design defect and the parties' unequal bargaining power." No. 1:14-CV-3722 (JBS-JS), 2015 WL 4591236, at *19, 22 (D.N.J. July 29, 2015). Similarly, paragraph 96(e)— alleging that Plaintiffs could not choose another oven brand

because they all "have warranties containing the same or similar terms"—mirrors the conclusory allegation from *Amato v. Subaru of America, Inc.*, which cited a "lack of meaningful alternatives" and the "absence of effective warranty competition" as a basis for procedural unconscionability. No. CV 18-16118, 2019 WL 6607148, at *9 (D.N.J. Dec. 5, 2019). And paragraph 96(c)'s allegation that Plaintiffs "had no ability to negotiate the terms of the Warranty" is no different from the plaintiffs' conclusory allegation that their warranty was "presented to customers on a take-it-or-leave-it basis" in *Nelson v. Nissan N. Am., Inc.*, 894 F. Supp. 2d 558, 565 (D.N.J. 2012).

As a matter of law, moreover, Plaintiffs' alleged inability "to negotiate the specific details of their" warranties does not deprive them of "bargaining power" so long as they have the "freedom to choose" a less expensive product with a limited warranty, a more expensive product with a longer-term warranty, or even just "an extended warranty." *Amato,* 2019 WL 6607148, at *10 (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 673 (3d Cir. 2002)). Plaintiffs had that option here. The Limited Warranty—which this Court held was conspicuous, *see* ECF No. 61 at 9—made it clear that Plaintiffs could "purchas[e] a different warranty with an extended durational limit" before the original warranty expired. *Smith v. Ford Motor Co.*, 462 F. App'x 660, 663-64 (9th Cir. 2011). Specifically, the Limited Warranty's "Extended Warranties" section offered customers like Plaintiffs the ability to buy the "GE extended warranty . . . anytime" they wanted, either online or over the phone:

> **Extended Warranties:** Purchase a GE extended warranty and learn about special discounts that are available while your warranty is still in effect. You can purchase it on-line anytime
>
> www.geappliances.com/service_and_support/shop-for-extended-service-plans.htm
>
> or call 800.626.2224 during normal business hours. GE Consumer Home Services will still be there after your warranty expires.

Ex. 2 at 4; Ex. 3 at 6. GEA's extended warranty option is a "meaningful substitute" to the one-year warranty included with Plaintiffs' initial purchase, and Plaintiffs' failure to take advantage of it

does not render the default warranty period unconscionable. *Smith*, 462 F. App'x at 663 (emphasis omitted).

Finally, Plaintiffs' allegations regarding customer complaints similarly underscore the conclusory nature of their assertion that they "could not have known of the Defect at the time of purchase" and therefore lacked bargaining power. SAC ¶ 96(b). In direct contradiction to this assertion, Plaintiffs provide a laundry list of publicly available complaints, many made prior to Plaintiffs' purchases, on various websites, including the CPSC's. *See id.* ¶¶ 72–73 (collecting examples). Nothing prevented Plaintiffs from looking up these complaints before they purchased their ovens. Had they exercised even this minimal level of diligence, they certainly *could* have learned of the complaints before buying the ovens, at least enough to inquire further about the availability of an extended warranty.

In light of the extended warranty option and Plaintiffs' ability to learn, pre-purchase, that glass breaks, to plausibly allege procedural unconscionability, Plaintiffs needed to plead specific "supporting facts as to their choices and bargaining power." *Amato*, 2019 WL 6607148, at *10. They failed to do so, offering only "bare conclusory statements that fail to state a claim under the *Iqbal*/*Twombly* standard." *Id.* Accordingly, "Plaintiffs' have not stated a claim that the Limited Warranty is [procedurally] unconscionable." *Id.*

3.    Plaintiffs fail to adequately allege substantive unconscionability.

Plaintiffs also fail to meet the even more demanding standard for pleading substantive unconscionability, which requires specific facts "so one-sided as to shock the court's conscience." *Alban v. BMW of N. Am.*, No. CIV. 09-5398 (DRD), 2011 WL 900114, at *8 (D.N.J. Mar. 15, 2011) (New Jersey law); *see also Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 202 (E.D.N.Y. 2010); (similar standard under New York law); *Harbison v. Louisiana-Pac. Corp.*, 602 F. App'x 884, 887 (3d Cir. 2015) (same for Pennsylvania). This

standard is even higher where, as here, the level of procedural unconscionability is low or nonexistent. *See Shema*, 832 F. Supp. 2d at 202 ("It is only in exceptional cases where a provision of the contract is so outrageous that a contract might be rendered unenforceable on the ground of substantive unconscionability alone."); *see also Harbison*, 602 F. App'x at 886 (describing "sliding-scale approach" to unconscionability).

Plaintiffs' previous allegations—such as that GEA "knew of a latent defect"—were conclusory and did not clear this high bar. ECF No. 61 at 17. Even the FAC's "allegation that the defect 'typically' manifests after the expiration of the warranty" was "too vague" to plead "substantive unconscionability." *Id.* at 19. The Court signaled that Plaintiffs' only hope for saving their substantive unconscionability claim would be to plead facts clarifying whether "the defect in the soda glass doors manifests outside of the warranty period 51% of the time, or 99%," whether "1% of the ovens typically fail after that period, or 99%," and whether "those failures occur one day after the warranty period, or ten years." *Id.*

Plaintiffs have not answered these key questions. While Plaintiffs now allege additional facts suggesting that GEA knew of the alleged defect before Plaintiffs purchased their ovens,[6] these allegations were, in essence, already included in the FAC. *See, e.g.*, FAC ¶ 67 ("GE's knowledge . . . may be established through consumer complaints, including several years' worth of public Internet posts and warranty claims regarding the glass doors of the Ovens shattering during normal use."); *id.* ¶¶ 68, 71 (citing examples of complaints). And most significantly, Plaintiffs do not plead, for example, that "Defendants knew that the product would fail after the warranty expired, but before the product life, in 80% of cases," or even "50% of cases." ECF No.

---

[6] *See* SAC ¶¶ 67–74 (consumer complaints), ¶ 75 (internal GEA documents), ¶ 92(a) ("GE knew or should have known of the Defect . . . from the hundreds or more consumer complaints . . . and warranty claims made . . . to GE.").

61 at 17. Nor do Plaintiffs clarify the "percentage of the products [that] fail [or] at what point in time." *Id.* Instead, Plaintiffs' new allegations merely stand for the proposition that GEA knows glass can break. The SAC does not answer the key questions the Court identified on the substantive unconscionability issue and thus "fails to meaningfully tip the scales in Plaintiffs' favor— especially when viewed in conjunction with the Plaintiff's [sic] conclusory allegations of procedural [unconscionability]." *Id.* at 19; *see also Argabright v. Rheem Mfg. Co.*, 258 F. Supp. 3d 470, 482 (D.N.J. 2017) (similar) ("[A] finding of unconscionability cannot be premised solely upon allegations that Defendant knew that a defect in the product might arise, and created a limited warranty designed to avoid fixing the defect."); *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 256 (D.N.J. 2020) (similar); *Amato*, 2019 WL 6607148, at *9–10 (similar).

With no other basis to nullify the Limited Warranty's one-year limitation,[7] Plaintiffs cannot state a claim for breach of express warranty. The Court should dismiss the express warranty claim.

### C.    Plaintiffs Allege Only a Design Defect, which the Limited Warranty Does Not Cover.

Plaintiffs' express warranty claim fails for an additional, independent reason: the Limited Warranty does not cover the defect of which Plaintiffs complain. Specifically, the Limited Warranty only covers "defect[s] *in materials or workmanship*." Ex. 2 at 4 (emphasis added); *accord* Ex. 3 at 6; *see also* SAC ¶ 30. Importantly, the phrase "defects in materials or workmanship" only connotes *manufacturing* defects. *See Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 226 (S.D.N.Y. 2015) (warranty that covered defects "in material, workmanship or factory preparation" limited to "manufacturing defects" under New York law; *Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*, 508 F. App'x 180, 185 (3d Cir. 2012) (same under Pennsylvania

---

[7] Plaintiffs also re-plead their unsuccessful theory that the Limited Warranty failed of its essential purpose almost word-for-word. *Compare* SAC ¶¶ 97, 141 *with* FAC ¶¶ 93, 164. With no new factual support, this duplicative theory fails to save Plaintiffs' express warranty claim for the same reasons as before. *See* ECF No. 61 at 20–21.

law); *Nelson v. Nissan N. Am., Inc.*, No. 11-5712 (JEI/AMD), 2014 WL 7331922, at *2 (D.N.J. Dec. 19, 2014) (same under New Jersey law). It follows that the Limited Warranty only obligates GEA to remedy *manufacturing* defects.

The SAC, however, alleges a *design* defect, not a manufacturing defect. A product exhibits a manufacturing defect when it fails "to meet the manufacturer's design specifications" due to some error in the manufacturing process. Restatement (Third) of Torts § 2 cmt. d. A design defect, by contrast, arises when the product "meets the manufacturer's design specifications but . . . the specifications themselves create unreasonable risks." *Id.* In other words, while a "manufacturing defect is a mistake—an unintended deviation from normal or routine production," a design defect involves products that are "unreasonably dangerous as designed," even when "made in the precise manner intended by the manufacturer." *Miller v. Hyundai Motor Am.*, No. 15-CV-4722 (TPG), 2017 WL 4382339, at *4 (S.D.N.Y. Sept. 29, 2017).

Here, the SAC does not allege that the glass in Plaintiffs' ovens "deviat[ed] from normal or routine production" in a way "that renders an ordinarily safe product dangerous." *Id.* Instead, Plaintiffs "are unequivocal that [GEA] knew the pertinent materials were inadequate well in advance of selecting the materials for the [oven doors]," *id.* at *5, alleging that GEA "*chose* to use soda lime glass as a major component in the Ovens *knowing* that [it was defective]." SAC ¶ 45 (emphasis added). This "deliberate selection of [allegedly] defective materials" shows that GEA "acted with purpose" and "is at odds with" a manufacturing defect theory. *Miller*, 2017 WL 4382339, at *5. Rather, it is perfectly consistent with a design defect theory.

The SAC's other assertions confirm that Plaintiffs only allege a design defect. Indeed, allegations that *all* of a defendant's products share a common defect "strongly suggest" a design defect theory, and the SAC is replete with such allegations. *Id.*; *see also Garcia*, 127 F. Supp. 3d

13

at 226 (shared defects signaled design defect); *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d

540, 554 (S.D.N.Y. 2016) (same); *Nelson*, 2014 WL 7331922, at *3 (same). The SAC's first

paragraph, for example, indicates that all "GE's ranges and wall ovens featuring glass-front doors

made with soda lime glass . . . contain a defect causing the glass within the glass-front door to

unexpectedly break or shatter." SAC ¶ 1. And Plaintiffs' design defect theory is most apparent in

their description of the defect in question:

> Each of the Ovens contains common design and/or manufacturing Defects that can
> and have caused the glass on its doors to break or shatter. More specifically, the
> soda lime glass used in the Ovens *suffers from a uniform defect whereby it cannot
> withstand the high temperatures that are common when the Ovens are used for their
> ordinary purpose*, such as cooking, resulting in the breaking or shattering of the
> glass-front door under normal and foreseeable use by consumers.

*Id.* ¶ 28 (emphasis added). This defect, the SAC continues, is inherent in *all* soda lime glass:

> When heated, the soda lime glass expands substantially more than glass
> manufactured with other, more suitable types of glass (e.g., borosilicate glass,
> which has a coefficient of thermal expansion of 32 10-7 / 0C). This makes the glass
> doors in the Ovens significantly more prone to an abrupt and unexpected failure —
> breaking or shattering. This is because soda lime glass has a high coefficient of
> thermal expansion with very poor thermal shock resistance.

*Id.* ¶ 38; *see also id.* ¶¶ 37–45 (alleged problems with soda lime glass as a material choice). These

allegations of a shared defect in the material used are typical of design defect claims and

fundamentally inconsistent with manufacturing defect claims. *See Miller*, 2017 WL 4382339, at

*5; *Garcia*, 127 F. Supp. 3d at 226; *Catalano*, 167 F. Supp. 3d at 554.

The SAC's only allegations of a manufacturing defect consist of the occasional and purely

nominal reference to an alleged "design and/or manufacturing defect." SAC ¶¶ 7, 28. Such

"offhand references" to a manufacturing defect, unsupported by factual allegations concerning

errors in the manufacturing process, are insufficient to plead a manufacturing defect. *Garcia*, 127

F. Supp. 3d at 226. And because the Limited Warranty only covers such defects, Plaintiffs have

not stated a claim that GEA breached an express warranty.

**D.     Neither Plaintiff Alleges He Relied on a Promise in Purchasing His Oven.**

Plaintiffs' breach of express warranty claim fails for a final independent reason: they do not plead reliance on a promise from GEA. A plaintiff bringing an express warranty claim must allege "an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase" and that the plaintiff "relied upon" the promise. *DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601, 625 (S.D.N.Y. 2012); *see also Mendez v. Shah*, 94 F. Supp. 3d 633, 639 (D.N.J. 2015) (New Jersey law); *Jeter v. Brown & Williamson Tobacco Corp.*, 113 F. App'x 465, 468 (3d Cir. 2004) (Pennsylvania law). This requires a plaintiff to "provide more than 'bald assertions,' and identify *specific affirmations* by [the defendant] that could be found to constitute an express warranty." *Fleisher v. Fiber Composites, LLC*, No. CIV.A. 12-1326, 2012 WL 5381381, at *4 (E.D. Pa. Nov. 2, 2012) (emphasis added); *see also Snyder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 722 (D.N.J. 2011); *Fisher v. SmithKline Beecham Corp.*, No. 07-CV-0347A(F), 2009 WL 10681947, at *14 (W.D.N.Y. Mar. 11, 2009).

The few specific statements on which Plaintiffs allegedly relied do not constitute express warranties as a matter of law. Plaintiffs identify a handful of quotations from the GEA website, such as GEA's statements that it "make[s] life better by designing and building the world's best appliances," it is "America's #1 Appliance Brand," and it uses a "forward-thinking tradition." SAC ¶¶ 17, 19–20. Such "puffery" is "not considered specific enough to create an express warranty." *Mendez*, 94 F. Supp. 3d at 639. The same is true of GEA's "name" and "reputation," two other factors on which Plaintiffs allegedly relied in choosing to buy their ovens. SAC ¶¶ 47, 58; *see also Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 185 (E.D.N.Y. 2018) (dismissing express warranty claim because brand name could not create express warranty); *Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 452 (D.N.J. 2013) (similar). Plaintiffs' alleged reliance on unspecified "positive online reviews" (SAC ¶¶ 47, 58) is likewise

15

insufficient because customer reviews are not affirmations "made by the *seller*." N.Y. U.C.C. § 2-313(1)(a) (emphasis added); *see also* N.J. Stat. § 12A:2-313(1)(a); 13 Pa. C.S.A. § 2313(a)(1).

Plaintiffs' express warranty claim also fails because they do not allege they saw or relied on any actionable statements—such as the Limited Warranty itself or a specific advertisement—when purchasing their ovens. *See, e.g.*, *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 823 (E.D. Pa. 2016) (dismissing express warranty claim because "the Complaint fails to allege any of the circumstances under which *each* Plaintiff read or saw *each* particular warranty"); *Murrin v. Ford Motor Co.*, 756 N.Y.S.2d 596, 597 (N.Y. App. Div. 2003) (similar); *Eberhart v. LG Electronics USA, Inc.*, No. CV 15-1761, 2015 WL 9581752, at *7 (D.N.J. Dec. 30, 2015) (similar). The Court should dismiss Plaintiffs' claim on this independent basis.

## II. PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS BECAUSE IT DUPLICATES THEIR FAILED EXPRESS WARRANTY CLAIM.

Plaintiffs also re-plead their breach of contract claim as an alternative to their express warranty claim. *See* SAC ¶¶ 147–58. The Court should dismiss this claim in short order. Like the FAC, "the only contract that Plaintiffs identify in their [Second] Amended Complaint [is] the express warranty," ECF No. 61 at 22; *see also* SAC ¶ 150, and their express warranty claim fails for the reasons set forth above. *See supra* § I. Once again, therefore, Plaintiffs should not be permitted to "evade the insufficiency of their [express warranty] allegations by restyling identical allegations and arguments as a breach of contract." ECF No. 61 at 22. For this reason, Plaintiffs' breach of contract claim should also be dismissed.

## III. PLAINTIFFS DO NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF.

Similarly, the Court should again dismiss Plaintiffs' request for injunctive relief. SAC ¶¶ 113, 115, 176, 200 . Plaintiffs' allegations regarding injunctive relief have not changed between the FAC and SAC. *Compare, e.g.*, SAC ¶¶ 113–15, 117 *with* FAC ¶¶ 109–11, 113. They do not

contest this Court's holding that they are "past purchasers of [an allegedly defective] product" who "are not likely to encounter future harm of the kind that makes injunctive relief appropriate . . . given their allegedly negative experiences with [GEA's] ovens." ECF No. 61 at 35–36. Thus, Plaintiffs' claim for injunctive relief again fails for lack of standing. *See id.*

## IV.   PLAINTIFF HAFT LACKS STANDING TO SUE UNDER THE NEW JERSEY CONSUMER FRAUD ACT.

Apart from his express warranty, contract, and injunctive relief claims, the only claim remaining to Plaintiff Haft is his NJCFA claim. SAC ¶¶ 159–76. To bring a claim under this statute, however, Mr. Haft "must meet the requirement of 'statutory standing,' which is simply a question of whether the particular plaintiff has a cause of action under the statute." *Aiello v. Brown*, No. 21-0987-CV, 2021 WL 5505107, at *1 (2d Cir. Nov. 24, 2021).[8] Mr. Haft does not.

Specifically, Mr. Haft lacks statutory standing because "[a] plaintiff may bring state law consumer protection claims only under the law of the state where she lived and the alleged injury occurred." *Piller*, 2020 WL 8186165, at *2. Mr. Haft satisfies neither requirement. He lives in New York, and his alleged injuries—his broken oven and the out-of-pocket costs he incurred to repair it—arose outside New Jersey. *See* SAC ¶¶ 13, 50–54. Therefore, he lacks statutory standing, and his NJCFA claim should be dismissed. *See Piller*, 2020 WL 8186165, at *2–3 (dismissing NJCFA claim where "each of the challenged actions were effectuated through letters sent from Chase's offices in Delaware to Plaintiff's residence in New York"); *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010) (plaintiff who purchased television in Arizona "is not entitled to sue under the New Jersey consumer fraud statute.").

---

[8] For this reason, statutory standing does not implicate a court's subject matter jurisdiction, and statutory standing arguments are properly raised under Rule 12(b)(6). *See Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, No. 14-CV-712 (SHS), 2020 WL 4349840, at *2 (S.D.N.Y. July 29, 2020).

Mr. Haft will likely argue that he has statutory standing because he bought the oven in New Jersey. *See* SAC ¶ 46. That allegation does not establish that "the alleged injury occurred" there, however. In fact, although this Court indicated that "the relevant location here would be New Jersey" under *New York's* "relevant transaction" test, it also held that the NJCFA injuries Plaintiff pleaded consisted of his "out-of-pocket [costs] to repair the oven[]" and the loss of "the benefit of the bargain," both of which occurred outside New Jersey. ECF No. 61 at 24, 31.

Further, even if Mr. Haft bought his oven in New Jersey, that purchase does not "connect [*GEA's*] alleged conduct to New Jersey." *Piller*, 2020 WL 8186165, at *3. Mr. Haft does not allege, for instance, that GEA made misrepresentations or concealed material facts in New Jersey. Instead, he alleges that GEA refused to pay for his oven's repairs in New York and generally failed to disclose the alleged defect to consumers at large. *See* SAC ¶¶ 51–54, 79, 103, 164–65. "None of [this] allegedly wrongful conduct, however, bears any relationship to New Jersey" specifically. *Piller*, 2020 WL 8186165, at *2. Accordingly, "Plaintiff Haft fails to allege a sufficiently strong connection between the deceptive conduct and New [Jersey]." ECF No. 61 at 25. He therefore lacks statutory standing under the NJCFA, and his statutory claim should be dismissed. *See Cooper*, 374 F. App'x at 255; *Piller*, 2020 WL 8186165, at *2–3.

Mr. Haft's failure to allege statutory standing under the NJCFA does not imply that he has standing under New York's consumer protection statute. Although he resides in New York and his alleged injury occurred here, *see Piller*, 2020 WL 8186165, at *2, this Court correctly recognized that, "[t]o qualify as a prohibited act under [the New York General Business Law], the deception of a consumer must occur *in New York*," and Mr. Haft "fail[ed] to allege a sufficient connection between the transaction and New York" under this test. ECF No. 61 at 24. The fact that Mr. Haft committed a similar error with respect to New Jersey does not revive his New York statutory claim.

In light of the Court's (appropriate) dismissal of his New York statutory claim, Mr. Haft might argue that dismissing his NJCFA claim will leave him without a remedy. This outcome, however, results not from a loophole in the law but from Mr. Haft's failure to adequately plead his claims. If Mr. Haft *had* alleged facts adequately asserting statutory standing under the New Jersey statute, for example, then he would still have a remedy. The problem here is not that the law provides no remedy for people in Mr. Haft's position; it is that Mr. Haft has failed to adequately plead the proper legal theories. Dismissal of Mr. Haft's NJCFA claim thus will not deprive other plaintiffs of a remedy so long as they properly plead the underlying legal theory.

## V.    THE COURT SHOULD STRIKE THE NATIONWIDE, NEW YORK, AND NEW JERSEY CLASSES.

Plaintiffs purport to bring this lawsuit on behalf of four putative classes, one each for residents of the United States, New York, Pennsylvania, and New Jersey "who own or owned a GE oven featuring a glass-front door made with soda lime glass." SAC ¶ 105. In light of the deficiencies outlined above, however, only Mr. Fisher's claim that GEA violated Pennsylvania's consumer protection statute survives. *See id.* ¶¶ 177–200. And Mr. Fisher only brings that claim on behalf of himself and the Pennsylvania class. *Id.* ¶ 178.

Accordingly, Plaintiffs fail to state claims on behalf of the Nationwide, New York, and New Jersey Classes, and those putative classes should be stricken. *See Tyman v. Pfizer, Inc.*, No. 16-CV-6941-LTS-BCM, 2018 WL 481890 (S.D.N.Y. Jan. 18, 2018) (striking class allegations as moot following dismissal of underlying claims); *Bobadilla-German v. Bear Creek Orchards, Inc.*, No. CV 07-3058-PA, 2009 WL 1726342, at *3 (D. Or. June 17, 2009) (striking sub-class because "the underlying claim lack[ed] merit"); *Alexander v. Am. Airlines, Inc.*, No. 4:02-CV-0252-A, 2002 WL 731815, at *4 (N.D. Tex. Apr. 22, 2002) ("Because none of plaintiff's underlying claims survive, the court will strike her class action allegations.").

## VI.    THE COURT SHOULD DENY LEAVE TO AMEND.

Plaintiffs may request leave to amend their complaint a third time under Rule 15. *See* Fed.

R. Civ. P. 15. Leave to amend should "generally be denied in instances of futility . . . [or] repeated

failure to cure deficiencies by amendments previously allowed." *Banco Safra S.A.-Cayman Islands

Branch v. Samarco Mineracao S.A.*, 849 F. App'x 289, 295 (2d Cir. 2021). Here, the Court gave

Plaintiffs a chance to correct the shortcomings in the FAC and provided specific guidance on how

they could do that. *See* ECF No. 61 at 16–22, 35–36. But Plaintiffs repeat the same mistakes they

made in the FAC—strongly indicating that Plaintiffs *cannot* allege the facts needed to support the

claims challenged here. Thus, whether due to the "futility" of amendment or Plaintiffs' "failure to

cure deficiencies by amendments previously allowed," Plaintiffs should not receive a fourth bite

at the apple. *Banco Safra*, 849 F. App'x at 295. Their claims for breach of express warranty, breach

of contract, injunctive relief, and a violation of the NJCFA should be dismissed with prejudice.

## <u>CONCLUSION</u>

For these reasons, GEA respectfully requests that this Court dismiss Plaintiffs' claims for

breach of express warranty, breach of contract, injunctive relief, and a violation of the NJCFA

with prejudice, strike the Nationwide, New York, and New Jersey sub-classes, and grant such other

relief as the Court deems just and proper.

Dated:    February 24, 2022

Respectfully submitted,

_s/ Marissa S. Ronk_

Marissa S. Ronk (admitted *pro hac vice*)
Juan S. Ramirez (admitted *pro hac vice*)
Hays C. Doan (admitted *pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street Suite 4500
Denver, Colorado 80202-5647
Telephone:    303.244.1800
Email: ronk@wtotrial.com
        ramirez@wtotrial.com
        doan@wtotrial.com

Mona Simonian
Michael Adelman
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036-6569
Telephone:    212.326.0413
Facsimile:    212.326.0806
Email: msimonian@pryorcashman.com
        madelman@pryorcashman.com

*Attorneys for Defendant Haier US Appliance
Solutions, Inc.*

21

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 24, 2022, I electronically filed the foregoing **Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Jonathan Betten Cohen**
  jcohen@milberg.com

- **Maryaneh Mona Simonian**
  msimonian@pryorcashman.com, docketing@pryorcashman.com

- **Michael Adelman**
  madelman@pryorcashman.com

- **Rachel L. Soffin**
  rsoffin@milberg.com

- **Alex Rafael Straus**
  astraus@milberg.com

- **Harper T. Segui**
  hsegui@milberg.com

*s/ Kristyne Mellett*
Kristyne Mellett