USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
ASHER HAFT, *individually and on behalf of all others similarly situated*,

                                    Plaintiff,

             -against-

GENERAL ELECTRIC COMPANY and
HAIER US APPLIANCE SOLUTIONS,
INC. d/b/a GE APPLIANCES,

                                    Defendant.
------------------------------------------------------------------- X
------------------------------------------------------------------- X
CHERYL JONES, *individually and on behalf of all others similarly situated*,

                                  Plaintiff,

             -against-

HAIER US APPLIANCE SOLUTIONS, INC. d/b/a
GE APPLIANCES,

                                  Defendant.
------------------------------------------------------------------- X

1:21-cv-00506-GHW
1:22-cv-4036-ALC

ORDER

GREGORY H. WOODS, District Judge:

On January 20, 2021, Plaintiffs Asher Haft and John Fisher filed this putative class action, claiming breach of warranties and other related offenses related to the manufacture and sale of ovens with allegedly defective glass doors by Defendant Haier US Appliance Solutions Inc. *Haft v. Gen. Electric Co.*, Case No. 1:21-cv-506, Dkt. No. 1 (Jan. 20, 2022). On February 24, 2022, Plaintiff Cheryl Jones filed a putative class action complaint in the United States District Court for the Middle District of Florida that also asserted claims against Defendant based on the manufacture and sale of Defendant's allegedly defective oven glass doors. *Jones v. Haier U.S. Appliance Sols., Inc..*, Case

No. 1:22-cv-4036, Dkt. No. 1, (Feb. 24., 2022). That case was transferred to this District on May 17, 2022. *Id.*, Dkt. No. 34 (May 17, 2022).

On May 19, 2022, the Plaintiffs Haft, Fisher, and Jones filed a motion for consolidation of the two cases. *See Haft*, Case No. 1:21-cv-506-GHW, Dkt. No. 86. The Court is persuaded that consolidating these cases will facilitate their efficient resolution. Accordingly, the motion to consolidate is granted.

"A district court may consolidate two or more actions under Federal Rule of Civil Procedure 42(a) when the actions involve 'a common question of law or fact.'" *Hom v. Vale, S.A.*, 2016 WL 880205, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). "Consolidation is a valuable and important tool of judicial administration that should be invoked to expedite trial and eliminate unnecessary repetition and confusion. The Court 'has broad discretion to determine whether consolidation is appropriate.'" *Id.* (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)) (internal quotation marks and alterations omitted). "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

Consolidation is warranted because these cases—all of which assert similar claims against Defendant based on the same allegedly defective oven glass doors—involve common questions of law and fact. Consolidating these cases will facilitate the prompt resolution of these questions. Accordingly, it is hereby ORDERED that *Haft v. General Electric Co., et al*, Case No. 1:21-cv-506-GHW and *Jones v. Haier U.S. Appliance Sols., Inc.*. Case No. 1:22-cv-4036-ALC be consolidated.

Plaintiffs are directed to file a consolidated complaint no more than 14 days after entry of this order. The complaint shall be captioned *In re: Haier U.S. Appliance Sols., Inc.* and shall be filed under Case No. 1:21-cv-506-GHW. Defendant's answer or other response to the consolidated

2

complaint is due no later than 30 days following service of the complaint. Should Defendant seek to dismiss the consolidated complaint, no pre-motion conference is necessary prior to filing that motion to dismiss. The parties are directed to propose a briefing schedule for such a motion no later than one week after entry of this order. All filings and submissions shall be made under the docket number 1:21-cv-506-GHW only.

Because Plaintiffs have been ordered to file a consolidated complaint, the pending motion to dismiss Plaintiffs' second amended complaint in Case No. 1:21-cv-5065-GHW, Dkt. No. 73, is denied as moot. The pending motion to dismiss the complaint in Case No. 1:22-cv-4036-ALC, Dkt. No. 30, is also denied as moot.

The Clerk of Court is directed to terminate the motions at Dkt. Nos. 73 and 86 in Case No. 1:21-cv-506-GHW, and to terminate the motions at Dkt. Nos. 30 and 38 in Case No. 1:22-cv-4036. The Clerk of Court is further directed to administratively close 1:22-cv-4036.

SO ORDERED.

Dated: May 23, 2022  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge

2